## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

CAROLYN WITT                                  :
TYRONE HENDERSON                              :
JAMES O. HINES, JR.                           :
JOHN MOORE                                    :
ALPHONSO ROBERTSON                            :     Civil Action No.: 3:15-cv-386
CHRISTOPHER ALLEN                             :
ERIC GONZALEZ                                 :
JOURDIN EDWARDS                               :
LEWIS HACKETT II                              :
TONY WHITE                                    :
SHONDEL ROBERTS                               :
WILLIE STANLEY, JR.                           :
JAMES SCALES                                  :
KEVIN ODERA                                   :
MORRELL DAVIDSON                              :
NAKISHA DAVIS                                 :
LARRY GOODE                                   :
DAVID HOLMES                                  :
                                              :
*on behalf of themselves and all others*      :
*similarly situated*,                          :
                                              :
            Plaintiffs,                        :
                                              :
v.                                            :
                                              :
CORELOGIC SAFERENT, LLC                       :
                                              :
and                                           :
                                              :
CORELOGIC NATIONAL                            :
BACKGROUND DATA, LLC                          :
                                              :
            Defendants.                        :

## FIRST AMENDED CLASS ACTION COMPLAINT

COME NOW, the Plaintiffs, Carolyn Witt, Tyrone Henderson, James O. Hines, Jr., John

Moore, Alphonso Robertson, Christopher Allen, Eric Gonzalez, Joudin Edwards, Lewis Hackett

II, Tony White, Shondel Roberts, Willie Stanley, Jr., James Scales, Kevin Odera, Morrell Davidson, Nakeisha Davis, Larry Goode, and David Holmes on behalf of themselves and all similarly situated individuals, and for their First Amended Class Action Complaint against the Defendants, they state as follows:

## INTRODUCTION

1.      Plaintiffs Witt, Henderson, Hines, Robertson, Allen, Gonzalez, Edwards, Hackett, White, Roberts, Stanley, Scales, Odera, Davidson, Davis, Goode, and Holmes (collectively referred to as "Class Plaintiffs") bring this class action against Defendants CoreLogic SafeRent, LLC ("SafeRent") and CoreLogic National Background Data, LLC ("NBD") to obtain relief for themselves and the class they propose to represent for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*.  John Moore also brings an individual claim for Defendant SafeRent's failure to maintain reasonable procedures designed to ensure the accuracy of the consumer reports that were sold regarding him.

2.      Defendant SafeRent is a consumer-reporting agency that compiles and maintains files on consumers on a nationwide basis. It maintains an extensive database of public records regarding consumers. It then sells consumer reports generated from the database and furnishes these consumer reports to its sister company, Defendant CoreLogic National Background Data, LLC ("National Background Data"), who then sells them to other reseller consumer-reporting agencies who, in turn, rebrand them and sell them to employers for use in making employment decisions regarding current and potential employees. The Defendants never reveal to the consumer that they are the source from which this original report was generated and repeatedly sold, which consistently frustrates the efforts of consumers to understand where the information at issue originates and to dispute inaccurate information.

2

3.      Class Plaintiffs allege a class claim pursuant to 15 U.S.C. § 1681k against SafeRent because it did not provide them and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so.  This is the same claim already prosecuted as to NBD in the companion case already pending. *Henderson v. CoreLogic, Inc. et al.*, Civil Action No. 3:12cv97, J. Payne.   This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the consumer-reporting agency to obtain and, as appropriate, correct information in the furnished report.  It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.   Defendant SafeRent's failure to comply with these long standing requirements denied the Class Plaintiffs and each putative class member these important rights.

4.      Class Plaintiffs also allege a class claim pursuant to 15 U.S.C. § 1681b against both SafeRent and NBD because both entities furnished consumer reports regarding the Class Plaintiffs to customers that did not have a permissible purpose for obtaining the reports, as they conceded in the positions they adopted in the co-pending *Henderson v. CoreLogic, Inc.* litigation, arguing that these reports were not obtained for an employment purpose.  Further, by that theory, Defendant NBD also "used" these reports without a permissible purpose in the process of reselling them through its customers, including HR Plus, to prospective employers.

5.      Finally, Class Plaintiffs also allege a class claim pursuant to 15 U.S.C 1681e(e)(2) against Defendant NBD because NBD procured a consumer report from SafeRent regarding them for purposes of reselling at least part of the report when it had not established and complied with reasonable procedures designed to ensure that the report or information was resold by NBD

3

only for a permissible purpose for which the information could be furnished pursuant to 15 U.S.C. §1681b. For example, as part of this obligation, NBD was specifically required by this section of the statute to obtain from HR Plus and its other resellers the identity of the "end user" of the resold report. It never – under any circumstances or for any class members – obtained the details of the identity of the end user employer as required by 15 U.S.C. §1681e(e)(2)(A)(i).

## JURISDICTION

6.      The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendants regularly conduct business in the district and division. Furthermore, Plaintiffs Henderson, Hines, Robertson, Allen, Gonzalez, Edwards, Hackett, White, Roberts, Stanley, Scales, Odera, Davidson, Davis, Goode, and Holmes reside in this district and division.

## PARTIES

7.      Plaintiffs are each a natural person and a "consumer" as protected and governed by the FCRA.

8.      Defendant SafeRent is a Delaware limited liability company that is registered to and does conduct business in Virginia.

9.      SafeRent is the CoreLogic entity that actually gathers and compiles criminal records from public sources (such as courts and other government agencies) into its automated database for use by itself and by NBD.

10. According to Defendant SafeRent, "CoreLogic SafeRent is a consumer reporting agency that provides information to the multi-family housing industry and to employers. . . . Employers may obtain your consumer report to assist them in making employment decisions. CoreLogic SafeRent maintains information regarding landlord tenant and criminal public court

records about individuals."

11. However, SafeRent also sells criminal and employment-purposed background checks on a *wholesale* basis. It does so through its sister company NBD to a user-Reseller consumer reporting agency, who then sells the report to an employer.

12. By Defendants' design, there is no feasible way for any consumer to discover that an employment report originated from Defendant SafeRent in this manner.

13. SafeRent's sale of criminal records consumer reports to NBD occurs pursuant to an express written contract controlling and defining the relationship between the two defendants.

14. SafeRent is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

15. Defendant National Background Data is a foreign limited liability company that is registered to conduct business in Virginia.

16. National Background Data is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

### Class Plaintiffs -- Witt, Henderson, Hines, Robertson, Allen, Gonzalez, Edwards, Hackett, White, Roberts, Stanley, Scales, Odera, Davidson, Davis, Goode, and Holmes

17. Within the statute of limitations period applicable to this action, Class Plaintiffs each applied for one or more employment opportunities.

18. In connection with these applications, the employers that were evaluating each of

5

the Class Plaintiffs requested a background check from one or more reseller consumer-reporting agencies including, but not limited to, HR Plus, ADP and Verifications.

19.     These consumer reporting agencies acted as a reseller CRA, and requested a consumer report regarding each of these individuals from Defendant National Background Data.

20.     In doing so, each of these resellers provided – at a minimum – a first name, last name, date of birth, and address for the individual that was the subject of the requested report.  In some instances, the resellers also provided additional information such as a social security number, middle name/initial, and a previous address.

21.     All of this information regarding the individual that was the subject of the request would have been stored in a database known as the "Results Returned Database", jointly maintained by Defendants National Background Data and SafeRent. "NBD supplies government criminal records from a database referred to as the 'Multistate Database,' which is housed in a secure computer system. The Multistate Database and the associated computer system are owned and managed by CoreLogic SafeRent, LLC ('SafeRent'), another subsidiary of CoreLogic, Inc., and hence a sister company to NBD." Def.'s Mem. in Supp. of its Mot. for Partial Summ. J. at 9, *Henderson v. CoreLogic,* Inc., 3:12-cv-97 (E.D. Va.), ECF. No. 69 (internal citations omitted).

22.     In order to fulfill the reseller CRA requests, Defendant National Background Data obtained the Class Plaintiffs' consumer reports from Defendant SafeRent.

23.     These consumer reports were thereafter provided by SafeRent to National Background Data, and then up the stream of resellers to each of the Class Plaintiffs' potential employers.

24.     National Background Data was a "user" of the consumer report provided by Defendant SafeRent as that term is defined by the FCRA.

6

25.     Each of the reseller entities, also functioned as either a "user" or an "end user" of the consumer report provided by Defendant SafeRent as that term is defined by the FCRA.

26.     The employers were "end users" of the consumer reports as that term is defined by the FCRA.

27.     The reports that Defendant SafeRent provided to National Background Data each contained criminal record "hits" attributed to the Class Plaintiffs.

28.     These criminal conviction public records were of the category that are likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

29.     The Class Plaintiffs never received a letter or any other communication from Defendant SafeRent "at the time" that their respective reports were furnished to National Background Data.

30.     Despite providing a report about the Plaintiffs and class members for employment purposes containing the governed public record information, Defendant SafeRent failed to provide them with notice "at the time" that it made the report containing the public record information, together with the name and address of the person(s) to whom such information was being reported.

31.     Defendant SafeRent is a "database index" vendor and is not the type of entity that can avail itself of the compliance option set forth at 15 U.S.C. § 1681k(a)(2). This section can only be applicable if Defendant SafeRent had in place—before any report was furnished—strict procedures designed to ensure that it did not furnish or include in its reports any public records for which it did not receive, possess, or provide the complete and up-to-date public record.

32.     A § 1681k(a)(2) option is not available to Defendant SafeRent because the public records it furnishes are summaries, indexes, or partial records that it obtains from its courthouse

sources. Defendant SafeRent never furnishes the complete and up-to-date public record. Title 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

33.     The reports that Defendant SafeRent provided to National Background Data contained several "hits" attributed to Plaintiffs, including purported criminal conviction public records contained within SafeRent's database.

34.     The criminal conviction public records that Defendant SafeRent attributed to Plaintiffs Witt, Henderson, and Hines did not belong to them. Instead, they concerned different individuals with similar names that were entirely unrelated to them.

35.     For example, Plaintiff Witt's consumer report stated that she had an extensive criminal history, which included several felonies and a prison sentence.

36.     On February 29, 2012, Plaintiff Witt obtained a letter from the City of Virginia Beach Police Department stating that a police record check reflected that Plaintiff Witt had no criminal convictions in the City of Virginia Beach Virginia. She was able to obtain these records from the Police Department without any delay or difficulty and simply by asking.

37.     Additionally, the reports that Defendant SafeRent provided regarding Mr. Henderson report that Plaintiff Henderson's history had come back with these "hits" in a search of his national criminal background located in Westmoreland County, Pennsylvania.

38.     Later, Plaintiff Henderson was able to obtain, just by asking the court clerk directly, a copy of the actual Westmoreland County criminal records.

39.     The Pennsylvania records from the Court confirm that they do not belong to Plaintiff Henderson and do not match his social security number.

40.     The Pennsylvania public records contained a social security number for the person about whom the records regarded.

8

41.     In accordance with its standard procedure, Defendant SafeRent purchased or obtained criminal records in bulk and thus without the identifying information, such as social security numbers. In fact, Defendant SafeRent obtains social security numbers from less than one percent of the jurisdictions from which it obtains criminal records.

42.     Finally, the report that Defendant SafeRent provided about Plaintiff Hines to one or more of his potential employers stated that he was a registered sex offender in Indiana.

43.     Plaintiff Hines is not a sex offender.

44.     Plaintiff Hines has never even been to Indiana.

45.     In creating and furnishing Plaintiff Witt's, Henderson's, and Hines's consumer reports, Defendant SafeRent failed to follow reasonable procedures to assure that the reports it furnished were as accurate as maximally possible. For example, Defendant SafeRent allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger with a different social security number living in a different state at a different address within Plaintiff Witt's, Henderson's, and Hines's consumer reports.

**In the Alternative, both Defendants, National Background Data and SafeRent, Impermissibly Furnished Consumer Reports Regarding the Class Plaintiffs**

46.     In the alternative, and if the Court were to accept the argument that these reports were not sold for an employment purpose, then the sale of data from SafeRent to National Background Data, and then from National Background Data to its reseller customers occurred without a permissible purpose for either the sale or the use, thus violating 15 U.S.C. §1681b(a) and 15 U.S.C. §1681b(f).

47.     Defendant National Background Data (represented by the same in house and outside litigation legal team as Defendant SafeRent's current counsel and directed in that case

entirely by SafeRent management) has repeatedly argued that the consumer reports that National

Background Data sells—reports that are comprised entirely of information obtained from

Defendant SafeRent's database—are not sold for an "employment purpose" under the FCRA.

Def.'s Mot. for Partial Summ. J. at 20  *Henderson v. CoreLogic, Inc.*, 3:12-cv-97-REP  (E.D.

Va.), ECF No. 69 ("NBD's sale of governmental records to Verifications and ADP was not for

'employment purposes.'"); *see also* Def.'s Mot. for Partial Summ. J. at 20  *Henderson v.

CoreLogic, Inc.*, 3:12-cv-97-REP  (E.D. Va.), ECF No. 69[1]; Def.'s Reply in Supp. of it Mot. for

Partial Summ. J. at 11-12 *Henderson v. CoreLogic, Inc.*, 3:12-cv-97-REP  (E.D. Va.), ECF No.

115 ("The FCRA defines 'employment purposes,' when used in connection with a consumer

report, as 'a report *used* for the purpose of *evaluating* a consumer for employment, promotion,

reassignment or retention as an employee.' 15 U.S.C. § 1681a(h) (emphases added). It is

undisputed that neither ADP nor Verifications 'evaluated' either Plaintiff for employment, nor

do Plaintiffs contend such evaluation occurred. Thus, summary judgment must be granted.").

48.     If the Defendants did not furnish Class Plaintiffs' and the putative class members'

reports for an employment purpose, then multiple separate and distinct violations of the Fair

---

[1] "NBD anticipates that Plaintiffs may contend that even wholesaler NBD's activities here were for 'employment purposes' because ADP and Verifications sought records from NBD in connection with Plaintiffs' employment applications. Such an argument would gloss over the fact that 'employment purposes' is a defined and carefully-limited term under the FCRA, and it would ignore the defined meaning of that term. In particular, the FCRA defines the term 'employment purposes,' when used in connection with a consumer report, as 'a report *used* for the purpose of *evaluating* a consumer for employment, promotion, reassignment or retention as an employee.' 15 U.S.C. § 1681a(h) (emphases added). Based on this definition, courts have held that the provision of data to a corporate entity that 'did not intend to evaluate the consumer' for potential employment did not result in the furnishing of a consumer report for 'employment purposes,' even if it was 'anticipated' that the data recipient would provide the same consumer information to a prospective employer in the 'future.' *Owner-Operator Indep. Drivers Ass 'n v. USIS Cammer. Serv.,* 53 7 F.3d 1184, 1188 (1Oth Cir. 2008). There is no evidence in the record that ADP or Verifications used the information transmitted by NBD to 'evaluate' Plaintiffs for employment. (Nor does the Amended Complaint so allege.) Indeed, the ADP and Verifications screening

10

Credit Reporting Act took place:

49.     Defendant SafeRent's sale of the consumer report to Defendant National Background Data was a violation of 15 U.S.C. §1681b(a) committed by Defendant SafeRent.

50.     Defendant's National Background Data's use of the consumer report that it purchased from Defendant SafeRent violated 15 U.S.C. §1681b(f).

51.     Defendant National Background Data's resale of the consumer report that it purchased from Defendant SafeRent to its various reseller customers violated 15 U.S.C. §1681b(a).

52.     Each of the Defendants would have independently also violated 15 U.S.C. §1681e(a).  Each would have had to require that prospective users of the information certify the purpose for which the information was sought, and also certify that the information would be used for no other purpose.  Further, neither Defendant could have furnished a consumer report to any entity if it had reasonable grounds for believing that the consumer report would not be used for a permissible purpose.

53.     NBD would have violated 15 U.S.C. § 1681q, which prohibits "knowingly and willfully obtain[ing] information on a consumer from a consumer reporting agency under false pretenses", as it certified in its written contract with SafeRent that it was only obtaining the consumer reports for an employment purpose.

54.     Defendants knew or should have known about their legal obligations under the FCRA.  These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

---

reports contain no recommendation or decision as to employment. *See* Ex. C; Ex. E. Therefore, the information sent to ADP and Verifications was not for 'employment purposes.'"

55.     Defendants obtained and had available substantial written materials that apprised it of its duties under the FCRA.

56.     Despite knowing of these legal obligations, Defendants acted consciously in breaching their known duties and deprived Plaintiffs and other members of the class of their rights under the FCRA.

**57.**     Plaintiffs allege that Defendants' conduct as alleged herein was consistent with their established and systematically executed procedures and policies for compliance with the FCRA.

**Plaintiff Moore**

58.     In early 2015, Plaintiff Moore applied to rent an apartment at two different apartment complexes, Hermitage at Beechtree and Cumberland Cove Apartments.

59.     In connection with Plaintiff Moore's rental application, each of these entities requested his background consumer report from Defendant SafeRent.

60.     Thereafter, SafeRent provided Plaintiff Moore's consumer background report to both apartment complexes.

61.     The report that SafeRent furnished to the apartment complexes regarding Plaintiff Moore included public record information that did not belong to him. Instead, they concerned a different individual with a similar name to Plaintiff who was entirely unrelated to him and had a different social security number.

62.     For example, SafeRent's report stated that Plaintiff Moore had been convicted of distribution of drugs to a minor, voluntary manslaughter, and sexual battery.

63.     None of these convictions belonged to Plaintiff Moore.

64.     Plaintiff Moore has never been convicted of distribution of drugs to a minor.

65.     Plaintiff Moore has never been convicted of voluntary manslaughter.

66.     Plaintiff Moore has never been convicted of sexual battery.

67.     In creating and furnishing Plaintiff Moore's consumer report, SafeRent failed to follow reasonable procedures to assure that the reports it furnished were as accurate as maximally possible. For example, SafeRent allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger with a different social security number living in a different state at a different address within Plaintiff's consumer report.

68.     SafeRent's failure to maintain reasonable procedures to assure the maximum possible accuracy of the information published within its consumer reports was a substantial factor in the rejection of Plaintiff Moore's application at both apartment complexes and other related actual harm that he suffered, including significant emotional distress.

**COUNT I – FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681k(a)(1)**
**(Class Claim by Plaintiffs Witt, Henderson, Hines, Robertson, Allen, Gonzalez, Edwards,**
**Hackett, White, Roberts, and Stanley**
**against Defendant SafeRent)**

69.     Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

70.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Class Plaintiffs bring this action for themselves and on behalf of a class (the "1681k Class") defined as follows:

> All natural persons residing in the United States (a) who were the subject of a report sold by Defendant SafeRent; (b) where Defendant SafeRent's database indicates that the report was furnished for an employment purpose; (c) where the report was resold to another consumer reporting agency by NBD, (d) where Defendant SafeRent's database showed that the report contained at least one adverse criminal record "Hit"; (d) on or after February 9, 2007.

> Excluded from the class definition are any employees, officers, directors of Defendant SafeRent or NBD, any attorney appearing in this case, and any judge

assigned to hear this action.

71.     Class Plaintiffs alleges an alternate sub-class as follows:

All natural persons residing in the United States (a) who were the subject of a
report sold by Defendant SafeRent; (b) where Defendant SafeRent's database
indicates that the report was furnished for an employment purpose; (c) where the
report was resold to another consumer reporting agency by NBD, (d) where
Defendant SafeRent's database showed that the report contained at least one
adverse criminal record "Hit"; (d) on or after June 26, 2010.

Excluded from the class definition are any employees, officers, directors of
Defendant SafeRent or NBD, any attorney appearing in this case, and any judge
assigned to hear this action.

72.     Class Plaintiffs incorporate their prior allegations and estimate that the class is so

numerous that joinder of all members is impractical. The names and addresses of the class

members are identifiable through documents maintained by Defendant SafeRent and the class

members may be notified of the pendency of this action by published and/or mailed notice.

73.     Upon information and belief, Defendant SafeRent does not sent the required

notices to any consumer at the time that it provides an employment-purposed consumer report to

an end-user that contains public record information that is likely to have an adverse effect on a

consumer's ability to obtain or maintain employment. Upon information and belief, this conduct

is consistent and uniform across time, jurisdictions, and consumers.

74.     There are questions of law and fact common to the class, which common issues

predominate over any issues involving only individual class members.  For example, and without

limitation: (a.) whether Defendant SafeRent's conduct and procedures were uniform to the class

members; (b.) whether Defendant SafeRent sent the required notices; (c.) if the notices where

sent, when they were placed in the mail; and (d.) whether Defendant SafeRent acted willfully in

its failure to design and implement procedures to assure compliant delivery and/or timing of

14

these notices.  Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

75.    Class Plaintiffs' claims are typical of those of the class members.  All are based on the same facts and legal theories.  Defendant SafeRent routinely failed to send the required notices during the full class period. The violation alleged is the same and the class claim will rise and fall entirely based upon whether or not Class Plaintiffs' claim rises or falls.

76.    The Class Plaintiffs will fairly and adequately protect the interests of the class. The Class Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Class Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. The Class Plaintiffs are aware of their responsibilities to the putative class and have accepted such responsibilities.

77.    Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper.  Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

78.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant SafeRent has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

79.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

       a.    As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member.  Each of the common

facts and legal questions in the case overwhelm the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

        b.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by Defendant SafeRent's FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation.  Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources.  The issues at the core of this case are class wide and should be resolved at one time.  One win for one consumer would set the law as for every similarly situated consumer.

80.    Defendant SafeRent's failure to timely provide the required FCRA notices to the Class Plaintiffs and the putative class members violated 15 U.S.C. § 1681k(a)(1).

81.    Defendant SafeRent's conduct, action, and inaction were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82.    Class Plaintiffs and the putative class members are entitled to recover costs and attorney's fees, as well as appropriate equitable relief, from Defendant SafeRent in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

83.    As a result of these FCRA violations, Defendant SafeRent is liable to the Class Plaintiffs and to each class member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and

for attorney's fees and costs pursuant to § 1681n.

## COUNT II – FAIR CREDIT REPORTING ACT
## ALTERNATIVE CLAIM
### 15 U.S.C. § 1681b
**(Class Claim by Plaintiffs Witt, Henderson, Hines, Robertson, Allen, Gonzalez, Edwards, Hackett, White, Roberts, and Stanley against Defendants SafeRent and National Background Data)**

84.     Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

85.     This claim is pled in the alternative to the allegations supporting Count I - that the purpose for SafeRent and NBD's sale of consumer reports was for an "employment purpose." If SafeRent and NBD concede or the Court or finder of fact determine that the class member reports were in fact sold by Defendants for such purpose, this claim would fail. However, if the Court concludes as Defendants have asked – for a finding that the reports were not sold for an employment purpose – then the subject consumer reports were not sold with a lawful purpose.

86.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Plaintiffs bring this action for themselves and on behalf of a class (the "SafeRent 1681b Class") defined as follows:

> All natural persons residing in the United States who were the subject of a report sold by SafeRent to NBD within the five year period preceding the filing of this action and during its pendency.

> Excluded from the class definition are any employees, officers, directors of Defendants, any attorney appearing in this case, and any judge assigned to hear this action.

87.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Plaintiffs bring this action for themselves and on behalf of a class (the "NBD 1681b Class") defined as follows:

All natural persons residing in the United States who were the subject of a report sold by SafeRent to NBD and then from NBD to any third party within the five year period preceding the filing of this action and during its pendency, where .

Excluded from the class definition are any employees, officers, directors of Defendants, any attorney appearing in this case, and any judge assigned to hear this action

88.     The Class Plaintiffs incorporate their prior allegations and estimate that the class is so numerous that joinder of all members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendants and the class members may be notified of the pendency of this action by published and/or mailed notice.

89.     In the alternative, upon information and belief, Defendants did not have a permissible purpose to provide the Class Plaintiffs' and putative class members' consumer reports to their customers. Upon information and belief, this conduct is consistent and uniform across time, jurisdictions, and consumers.

90.     There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  For example, and without limitation: (a.) whether Defendants' conduct and procedures were uniform to the class members; (b.) whether Defendants had a permissible purpose to furnish (or in NBD's case, to obtain) the class members' consumer reports; and (c.) whether Defendants acted willfully in their failure ensure that they had a permissible purpose to furnish the class members' consumer reports to their customers. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question.

91.     The Class Plaintiffs' claims are typical of those of the class members.  All are based on the same facts and legal theories.  The Defendants routinely provided the Class Plaintiffs' and putative class members' consumer reports to entities that lacked a FCRA

permissible purpose during the full class period. The violation alleged is the same and the class claim will rise and fall entirely based upon whether or not Class Plaintiffs' claim rises or falls.

92.     The Class Plaintiffs will fairly and adequately protect the interests of the class. The Class Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Class Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. The Class Plaintiffs are aware of their responsibilities to the putative class and have accepted such responsibilities.

93.     Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper.  Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

94.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

95.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.      As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member.  Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b.      A class action is superior to other available methods for the fair and

efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually.  Further, most consumers affected by the Defendants' FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation.  Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources.  The issues at the core of this case are class wide and should be resolved at one time.  One win for one consumer would set the law as for every similarly situated consumer.

96.     Defendants' provision of the Class Plaintiffs' and the putative class members' consumer reports to an entity that lacked a FCRA permissible purpose violated 15 U.S.C. § 1681b.

97.     Further, NBD is liable to the NBD 1681b Class for NBD's violation of 15 U.S.C. § 1681q, as NBD will have falsely stated to SafeRent that its purpose for obtaining and reselling the subject reports was for a FCRA purpose.

98.     Defendants' conduct, action, and inaction were knowing as well as reckless and therefore willful, rendering them liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99.     The Class Plaintiffs and the putative class members are entitled to recover costs and attorney's fees, as well as appropriate equitable relief, from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100.     As a result of these FCRA violations, Defendants are liable to the Class Plaintiffs and to each class member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for

attorney's fees and costs pursuant to § 1681n.

## COUNT III – FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(e)
### (Class Claim by Plaintiffs Witt, Henderson, Hines, Robertson, Allen, Gonzalez, Edwards, Hackett, White, Roberts, and Stanley against Defendant National Background Data)

101.    Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

102.    This claim is made in the alternative to Plaintiffs' allegations in the co-pending action against NBD that NBD receives information from its downstream reseller customers information sufficient to identify its end-users.

103.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Class Plaintiffs bring this action for themselves and on behalf of a class (the "1681e Class") defined as follows:

> All natural persons residing in the United States (a) who were the subject of a report sold by Defendant National Background Data to any third party; (b) where Defendant National Background Data's database indicates that the report was furnished for an employment purpose; (c) for which Defendant National Background Data did not obtain the name of the end user employer from its reseller customer at the time that it furnished the report; (d) within the five year period preceding the filing of this action and during its pendency.

> Excluded from the class definition are any employees, officers, directors of Defendant National Background Data, any attorney appearing in this case, and any judge assigned to hear this action.

104.    The Class Plaintiffs incorporate their prior allegations and estimate that the class is so numerous that joinder of all members is impractical. The names and addresses of the class members are identifiable through documents maintained by the Defendant National Background Data and the class members may be notified of the pendency of this action by published and/or mailed notice.

105.    Upon information and belief, Defendant National Background Data alleged in its

co pending action that it does not obtain the identity of the end user of the reports that it procures for resale regarding the Class Plaintiffs and putative class members. Upon information and belief, this conduct is consistent and uniform across time, jurisdictions, and consumers.

106.    There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.

107.    The Class Plaintiffs' claims are typical of those of the class members.  All are based on the same facts and legal theories.  Defendant National Background Data routinely failed to obtain the identity of the employment end-user of the Class Plaintiffs' and putative class members' consumer reports during the full class period. The violation alleged is the same and the class claim will rise and fall entirely based upon whether or not Class Plaintiffs' claim rises or falls.

108.    The Class Plaintiffs will fairly and adequately protect the interests of the class. The Class Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions.  Neither Class Plaintiffs nor their counsel have any interests that might cause them not to vigorously pursue this action. The Class Plaintiffs are aware of their responsibilities to the putative class and have accepted such responsibilities.

109.    Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper.  Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

110.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant National Background Data has acted on grounds

generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

111. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a. As alleged above, the questions of law or fact common to the members of the class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by Defendant National Background Data's FCRA violation would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation. Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law as for every similarly situated consumer.

112. Defendant National Background Data's failure to obtain the identity of the end-user of the Class Plaintiffs' and the putative class members' resold consumer reports violated 15 U.S.C. § 1681e(e).

113. Defendant National Background Data's conduct, action, and inaction were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court

23

pursuant to 15 U.S.C. § 1681n.

114.    The Class Plaintiffs and the putative class members are entitled to recover costs

and attorney's fees, as well as appropriate equitable relief, from Defendant National Background

Data in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

115.    As a result of these FCRA violations, Defendant National Background Data is

liable to the Class Plaintiffs and to each class member, for statutory damages from $100.00 to

$1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. §

1681n(a)(2), and for attorney's fees and costs pursuant to § 1681n.

**COUNT IV - FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681e(b)**
**(Individual Claim by Plaintiffs Witt, Henderson, Hines, and Moore Against Defendant**
**SafeRent)**

116.    Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set

forth at length herein.

117.    Defendant SafeRent violated 15 U.S.C. § 1681e(b) by failing to establish or to

follow reasonable procedures to assure maximum possible accuracy in the preparation of the

consumer report it furnished regarding Plaintiffs Witt, Henderson, Hines, and Moore.

118.    As a result of Defendant SafeRent's conduct, Plaintiffs Witt, Henderson, Hines,

and Moore suffered actual damages.

119.    Defendant SafeRent's violation of 15 U.S.C. § 1681e(b) was willful, rendering it

liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant SafeRent was negligent,

entitling Plaintiffs Witt, Henderson, Hines, and Moore to recover under 15 U.S.C. § 1681o.

120.    Plaintiffs Witt, Henderson, Hines, and Moore are entitled to recover actual

damages and/or statutory damages, punitive damages, costs and attorney's fees from Defendant

24

SafeRent in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiffs, on behalf of themselves and the putative class members, move for class certification and for statutory and punitive damages, as well as their attorney's fees and costs against the Defendants for their class claim, as well as actual, statutory, and punitive damages and attorney's fees and costs for their individual claim; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully Submitted,
**PLAINTIFFS,**
*on behalf of themselves and on behalf of all similarly situated individuals*,


By: _____ /s/ _____
Matthew James Erausquin (VSB # 65434)
Casey S. Nash (VSB # 84261)
CONSUMER LITIGATION ASSOCIATES, PC
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
matt@clalegal.com
casey@clalegal.com

Leonard Anthony Bennett (VSB #37523)
Susan Mary Rotkis (VSB # 40693)
CONSUMER LITIGATION ASSOCIATES, PC
12515 Warwick Blvd., Suite 1000
Newport News, Virginia 23606
lenbennett@cox.net
srotkis@clalegal.com

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.

25

Petersburg, VA 23803
Telephone:  (804) 861-6000
Facsimile:  (804) 861-3362
dale@pittmanlawoffice.com

James Arthur Francis (*pro hac vice* forthcoming)
David A. Searles (*pro hac vice* forthcoming)
FRANCIS & MAILMAN PC
Land Title Building
100 S Broad Street, 19th Floor
Philadelphia, PA  19110
Telephone: 215-735-8600
Facsimile: 215-940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel of record:

Timothy J. St. George
Troutman Sanders LLP
Troutman Sanders Bldg
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218
Tel:     804-697-1254
Email: tim.stgeorge@troutmansanders.com

*Counsel for Corelogic SafeRent, LLC*

_____/s/_____
Matthew James Erausquin, VSB No. 65434
*Counsel for the Plaintiffs*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Tel:     703-273-7770
Fax:     888-892-3512
matt@clalegal.com