UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

CAROLYN WITT, *et al.*

    Plaintiffs,

v.                                              Civil Action No. 3:15cv00386-REP

CORELOGIC SAFERENT, LLC, *et al.*

    Defendants.

### CORELOGIC NATIONAL BACKGROUND DATA, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Defendant, CoreLogic National Background Data, LLC ("NBD"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3), 12(b)(6), and 28 U.S.C. § 1406(a), submits this memorandum in support of its Motion to Dismiss, or in the Alternative, to Transfer Venue.

#### SUMMARY

On September 19, 2015, co-Defendant CoreLogic SafeRent, LLC ("SafeRent") moved to dismiss the Amended Complaint, or alternatively to transfer the case to the United States District Court for the District of Maryland. (*See* Dkt. No. 26.) SafeRent's Motion remains pending. At the time that SafeRent moved to dismiss the case, NBD had not yet been served. Having now been served, NBD joins in SafeRent's Motion, as the reasons set forth by SafeRent in favor of dismissal/transfer are equally applicable to NBD.

#### ARGUMENT

<u>First</u>, as detailed by SafeRent, the claims of Plaintiffs Henderson and Hines against NBD are time barred. (*See* Dkt. No. 27 at pp. 8-13.) The return of records by NBD occurred more than five years ago with respect to Plaintiff Henderson, and more than two years after Plaintiffs Henderson and Hines were made explicitly aware of the involvement of NBD. Indeed, based on the same return of records challenged here, Henderson filed a lawsuit against NBD on February

9, 2012, with Hines joining as a Plaintiff in that lawsuit on November 30, 2012. *See* 3:12cv97, Dkt. Nos. 1, 30 (the Complaint and Amended Complaint against NBD reflecting that Henderson learned of the involvement of NBD no later than 2011 and that Hines learned of the involvement of NBD in June 2011).[1] Those facts require dismissal of their claims in this lawsuit under the FCRA's statute of limitations. *See* 15 U.S.C. § 1681p (setting forth an absolute five-year statute of repose and a two-year discovery period within that five-year deadline). The additional FCRA claims in this new action against NBD based on the same return of records are time barred. *Dvorak v. Anne Arundel County*, 2010 U.S. Dist. LEXIS 122779, at *10 (D. Md. Nov. 17, 2010) (determining that claims were time barred: "He does not provide, however, authority upon which the Court could hold that limitations should be tolled for the filing of a new lawsuit to raise issues that he intentionally chose not to raise in his [first] stayed case.").

Second, SafeRent previously moved to dismiss the claims of Plaintiff Moore on the basis that the Court lacks personal jurisdiction over his claims. (Dkt. No. 27 at pp. 13-17.) Plaintiff Moore has not asserted any claims against NBD, so that analysis remains unchanged.

Third, SafeRent moved to dismiss the claims of the fourteen Plaintiffs who appeared for the first time in the Amended Complaint due to the fact that those Plaintiffs had stated no facts sufficient to state a plausible claim for relief under the employment-related FCRA provisions at issue. (*See* Dkt. No. 27 at pp. 17-19.) Those fourteen Plaintiffs simply added their names to the pleadings and alleged *en masse* that they reside in this Division and District.[2] Nothing further

---

[1] Although the prior lawsuit was filed against NBD alone, the involvement of SafeRent was fully disclosed from the outset of the case, and Plaintiffs' counsel spoke to SafeRent employees and even secured the production of an entire computerized database of records from SafeRent. *See* 3:12cv97, Dkt. No. 163-5 at p. 14 (NBD's March 6, 2013 discovery responses fully disclosing the involvement of SafeRent and the nature of the relevant relationship between NBD and SafeRent).

[2] Even that conclusory allegation is insufficient as it demonstrably incorrect. For instance, it alleges that Plaintiff Hines resides in this Division, when he has previously admitted in numerous filings that he lived in the Newport News Division at the time the relevant events took place. *E.g.*, *Henderson, et al. v. CoreLogic National Background Data, LLC*, No. 3:12cv97-REP (E.D. Va.), ECF No. 71 at p. 3.

was plead, including: (1) whether they were seeking initial employment; (2) the identity of their putative employer(s); (3) the identity of the background screening company seeking data from NBD; (4) whether they obtained the employment position; (5) whether any data returned was inaccurate or incomplete with respect to their circumstances, and, if so, exactly how; (6) the dates that the searches were performed; (7) whether any of NBD's customers made any employment-related decision; and (8) where they resided at the time that the searches were performed. Indeed, none of those fourteen Plaintiffs are even identified by name within the factual portion of Amended Complaint. Thus, their claims against NBD must be dismissed for the same reasons identified by SafeRent. *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (a plaintiff must allege facts sufficient to state all elements of his or her claim).

Fourth, SafeRent moved to dismiss the claims of Plaintiff Witt on the basis that this Court lacks proper jurisdiction over her claims under 28 U.S.C. § 1391. (*See* Dkt. No. 27 at pp. 20-24.) As set forth in the Motion filed by SafeRent, Plaintiff Witt resides in the Norfolk Division and applied for a job in Norfolk. *See id.*; *see also Carolyn Witt v. CMA CGM (America) LLC*, No. 2:12cv635 (E.D. Va.), ECF No. 1, at ¶¶ 8, 10. At the time of her application, HR Plus, Inc. – a Delaware corporation based in Chicago, Illinois – was engaged to conduct the background screening. (Dkt. No. 27, Ex. B; Ex. C.) HR Plus, Inc. obtained data from NBD, which received data from SafeRent – the latter of which are Delaware corporations that are based in California and Maryland, respectively. *Id.* No involved entity had any connection to the Richmond Division, whereas venue would have been proper in (among other districts) Maryland. Hence, venue here is improper under § 1391(b)(2) and (3).

Fifth, venue cannot be grounded in this Division under § 1391(b)(1) on the basis of NBD's residence because: (1) NBD maintains no offices in Virginia and is based in Delaware;

(2) NBD's customers that have been granted access to SafeRent's Multistate Database are located across the country and are not concentrated in any particular state; and (3) of those same customers, only 2% are located in Virginia. (Dkt. No. 27, Ex. D at ¶ 12.) Plaintiff Witt cannot claim proper venue against NBD under any prong of 28 U.S.C. § 1391(b). *See, e.g., Liberty Mut. Fire Ins. Co. v. KB Home*, 2013 U.S. Dist. LEXIS 168984, at *15 (E.D. Va. Nov. 25, 2013) (finding no specific personal jurisdiction for purposes of proper venue: "as the sole justification for venue in this district is that '[t]he disputed contract was delivered in Virginia.' This is insubstantial in relation to the totality of the events giving rise to this lawsuit.").

Finally, in the event that the case is not dismissed outright, SafeRent alternatively moved to transfer the case to the United States District Court for the District of Maryland pursuant to the factors set forth under 28 U.S.C. § 1404(a), including due to fact that the documents, personnel, and processes at issue are located in Maryland. (*See* Dkt. No. 27 at pp. 25-30.) That analysis was also informed by the fact that, in a putative nationwide class action, a plaintiff's choice of forum is given "little weight." *See, e.g., Byerson v. Equifax Info. Servs.*, 467 F. Supp. 2d 627, 633 (E.D. Va. 2007). All of those arguments apply with equal force to NBD, which has no connection to Virginia, which therefore only underscores the propriety of transfer here as to both SafeRent and NBD.

## CONCLUSION

WHEREFORE, Defendant, CoreLogic National Background Data, LLC, requests that the Court enter an order (1) dismissing this case with prejudice with respect to Plaintiffs Henderson and Hines; (2) dismissing the case for lack of personal jurisdiction with respect to the claims of Plaintiff Moore; (3) dismissing the claims of the fourteen Plaintiffs; and (4) dismissing the remaining claims for improper venue. In the alternative, NBD requests that the matter be transferred to the United States District Court for the District of Maryland.

                                        **CORELOGIC NATIONAL BACKGROUND DATA, LLC**

                                        By:/s/ Timothy J. St. George_____
                                                     Of Counsel

Alan D. Wingfield (VSB No. 27489)
David N. Anthony (VSB No. 31696)
Timothy J. St. George (VSB No. 77349)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1200
Facsimile: (804) 698-1339
alan.wingfield@troutmansanders.com
david.anthony@troutmansanders.com
tim.stgeorge@troutmansanders.com

*Counsel for Defendants*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Leonard A. Bennett, Esq.
Susan M. Rotkis, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd, Suite 1A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: len@clalegal.com

*Counsel for Plaintiffs*

Matthew J. Erausquin, Esq.
Casey S. Nash, Esq.
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd
Suite 600
Alexandria, VA 22314
Telephone: (703) 273-7770
Facsimile: (888) 892-3512
Email: matt@clalegal.com
Email: casey@clalegal.com

*Counsel for Plaintiffs*

Dale W. Pittman, Esq.
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb St.
Petersburg, VA 23803
Telephone: (804) 861-6000
Facsimile: (804) 861-3362
Email: dale@pittmanlawoffice.com

*Counsel for Plaintiffs*

James Arthur Francis, Esq.
David A. Searles, Esq.
FRANCIS & MAILMAN PC
Land Title Building
100 S Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: 215-735-8600
Facsimile: 215-940-8000
Email: jfrancis@consumerlawfirm.com

*Counsel for Plaintiffs*

/s/ Timothy J. St. George
Timothy J. St. George
Virginia State Bar No. 77349
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1254
Facsimile: (804) 698-6013
Email: tim.stgeorge@troutmansanders.com

Active 27297859v1 241783.000003