IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



CAROLYN WITT, et al.,

    Plaintiffs,

v.    Civil Case No. 3:15-cv-386

CORELOGIC SAFERENT, LLC, et al.,

    Defendants.

**MEMORANDUM ORDER**

Having reviewed Defendants' MOTIONS TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (ECF Nos. 26, 37) and the supporting and opposing memoranda, the motions will be granted in part and denied in part, for the following reasons.

### I. Claims of Plaintiffs Henderson and Hines

Plaintiffs do not dispute Defendants' contention that the claims of Plaintiffs Tyrone Henderson ("Henderson") and James Hines ("Hines") fall outside the FCRA's statute of limitations. The FCRA provides for a "hybrid" limitations period that consists of a five-year absolute statute of repose and a two-year "discovery" limitations period within that longer five-year period. Specifically, the relevant section provides:

> An action to enforce any liability created under this title may be brought...not later than the earlier of - (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such

1

> liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.

With respect to their claims against Defendant National Background Data, LLC ("NBD") (Counts II and III of the Amended Complaint ("Am. Compl.," ECF No. 24)), the statute of limitations on Henderson's and Hines' claims began to run no later than February 9, 2012, the date on which Henderson and Hines filed an action against NBD arising out of facts that are identical to those alleged in the Amended Complaint in this action. See Henderson v. National Background Data, LLC, No. 3:12-cv-97. Moreover, Henderson and Hines do not dispute that the statute of limitations began to run on their claims against Defendant CoreLogic SafeRent, LLC ("SafeRent") no later than March 6, 2013, when Henderson and Hines discovered SafeRent's involvement in NBD's background check process through discovery in the companion lawsuit. The Complaint in this action was filed on June 26, 2015, over three months outside the FCRA's two-year discovery period.

The Court declines to grant the request for additional discovery concerning possible further claims on behalf of Henderson and Hines. That request constitutes exactly the sort of "fishing expedition" discouraged by the Federal Rules of Civil Procedure and the Supreme Court's recent decisions in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft

v. Iqbal, 556 U.S. 662 (2009). Accordingly, it is hereby ORDERED that Plaintiffs Henderson and Hines' claims will be dismissed with prejudice.

### II. Claims of Plaintiff Moore

Plaintiff John Moore ("Moore") brings only an individual claim against SafeRent, arising out of an inaccurate tenant screening background check that SafeRent provided in connection with Plaintiff Moore's application to rent an apartment at two apartment complexes in North Carolina. (Am. Compl. ¶¶ 62-63). Plaintiff Moore has failed to allege <u>any</u> facts showing why personal jurisdiction over SafeRent, a Maryland-based company incorporated under Delaware law, is appropriate in Virginia concerning a claim arising out of events occurring exclusively in North Carolina. Indeed, Plaintiffs do not even <u>mention</u> Plaintiff Moore in their Opposition to SafeRent's Motion to Dismiss (ECF No. 34).

Therefore, it is hereby ORDERED that Plaintiff Moore's claim will be dismissed without prejudice for lack of in personam jurisdiction.

### III. Claims of Plaintiffs Robertson, Allen, Gonzalez, Edwards, Hackett, White, Roberts, Stanley, Scales, Odera, Davidson, Davis, Goode, and Holmes

It appears that the addition in the Amended Complaint of Plaintiffs Alphonso Robertson, Christopher Allen, Eric Gonzalez, Jourdin Edwards, Lewis Hackett, Tony White, Shondel Roberts, Willie Stanley, James Scales,

Kevin Odera, Morrell Davidson, Nakisha Davis, Larry Goode, and David Holmes (collectively, "the Newly Named Plaintiffs") is nothing more than an attempt to circumvent the issues raised in SafeRent's original Motion to Dismiss. The Amended Complaint is rife with vague and conclusory allegations and lacks specific information linking the Newly Named Plaintiffs to the asserted claims. All of the Newly Named Plaintiffs' claims therefore fail to meet the pleading standards set forth in <u>Twombly</u> and <u>Iqbal</u>.

Accordingly, it is hereby ORDERED that all claims brought by Plaintiffs Robertson, Allen, Gonzalez, Edwards, Hackett, White, Roberts, Stanley, Scales, Odera, Davidson, Davis, Goode, and Holmes will be dismissed without prejudice, but with leave to amend. The Newly Named Plaintiffs shall file any Amended Complaint no later than February 2, 2016.

### IV. Claims of Plaintiff Witt

In light of Part III above, granting the Newly Named Plaintiffs leave to amend their pleadings, it is hereby ORDERED that Defendants' Motions Dismiss or, Alternatively, to Transfer Venue to the District of Maryland are denied as moot with respect to Plaintiff Carolyn Witt ("Witt").

Furthermore, if Witt is to be included as a named class plaintiff, counsel for Plaintiffs are advised to research and be prepared to address in subsequent briefing whether a class action may proceed where the class

representative's claim is not amenable to venue in this District and Division pursuant to 28 U.S.C. § 1391 and Local Civil Rule 3(C).

It is so ORDERED.

/s/ R$\mathcal{EP}$
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 12, 2016