IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CAROLYN WITT, et al.,

        Plaintiffs,

v.                               Civil Case No. 3:15-cv-386

CORELOGIC SAFERENT, LLC, et al.,

        Defendants.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (ECF No. 51). For the reasons set forth herein, the motion will be granted in part and denied in part.

## BACKGROUND

On February 2, 2016, Plaintiffs Carolyn Witt ("Witt"), Alphonso Robertson ("Robertson"), Christopher Allen ("Allen"), Eric Gonzalez ("Gonzalez"), Jourdin Edwards ("Edwards"), Lewis Hackett II ("Hackett"), Tony White ("White"), Shondel Roberts ("Roberts"), Willie Stanley, Jr. ("Stanley"), and David Holmes ("Holmes") (collectively, "Plaintiffs") filed a Second Amended Complaint ("SAC," ECF No. 50) on behalf of themselves and all others similarly situated. In the SAC, Plaintiffs allege that defendants, CoreLogic SafeRent, LLC ("SafeRent") and its sister

company CoreLogic National Background Data, LLC ("NBD") (collectively, "Defendants"), violated the Fair Credit Reporting Act ("FCRA"). The SAC alleges four Counts under the FCRA. Count I, brought against SafeRent on behalf of a putative nationwide class, alleges that SafeRent violated 15 U.S.C. § 1681k(a), which requires that:

> A consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall—
>
> **(1)** at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or
>
> **(2)** maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgments shall be considered up to date if the current public record status of the item at the time of the report is reported.

15 U.S.C. § 1681k(a). The class alleged in Count I is:

> All natural persons residing in the United
> States (a) who were the subject of a report
> sold by Defendant SafeRent; (b) where
> Defendant SafeRent's database indicates that
> the report was furnished for an employment
> purpose; (c) Defendant SafeRent's database
> showed that the report contained at least
> one adverse criminal record "hit;" (d)
> within the five period preceding the filing
> of this action and during pendency.
>
> Excluded from the class definition are any
> employees, officers, directors of Defendant
> SafeRent, any attorney appearing in this
> case, and any judge assigned to hear this
> action.

SAC ¶ 58.

There is also an alternate sub-class:

> All natural persons residing in the United
> States (a) who were the subject of a report
> sold by Defendant SafeRent; (b) where
> Defendant SafeRent's database indicates that
> it was furnished for an employment purpose;
> (c) where Defendant SafeRent's database
> showed that the report contained at least
> one adverse criminal "hit" from a
> jurisdiction form which Defendant SafeRent
> does not obtain at least four digits of an
> associated social security number; (d)
> within the five year period preceding the
> filing date of this Complaint and during its
> pendency.
>
> Excluded from the class definition are any
> employees, officers, directors of Defendant
> SafeRent, any attorney appearing in this
> case, and any judge assigned to hear this
> Action.

Id. ¶ 59.

Count II, pled against both Defendants, alleges that,
should the Court find that the background reports provided by

Defendants were not for "employment purposes," then Defendants furnished consumer reports without a permissible purpose in violation of 15 U.S.C. § 1681b. The asserted class consists of:

> All natural persons residing in the United States who were the subject of a report sold by SafeRent to NBD and/or NBD to any third party within the five year period preceding the filing of this action and during its pendency.
>
> Excluded from the class definition are any employees, officers, directors of Defendants, any attorney appearing in this case, and any judge assigned to hear this action.

SAC ¶ 73.

Count III, brought against NBD on behalf of a putative nationwide class, alleges that NBD violated 15 U.S.C. § 1681e(e)(2), which requires that:

> A person who procures a consumer report for purposes of reselling the report (or any information in the report) shall—
> (A) Establish and comply with reasonable procedures designed to ensure that the report (or information) is resold by the person only for a purpose for which the report may be furnished under section 1681b of this title, including by requiring that each person to which the report (or information) is resold and that resells or provides the report (or information) to any other person—
>
>> (i)   identifies each end user of the resold report (or information);
>> (ii)  certifies each purpose for which the report (or information) will be used; and

>           (iii)   certifies that the report (or
>                   information) will be used for no
>                   other purpose; and
>
>     (B)   before   reselling   the   report,   make
>           reasonable   efforts   to   verify   the
>           identifications and certifications made
>           under subparagraph (A).

Specifically, Plaintiffs allege that NBD violated §
1681e(e)(2)(A)(i) by improperly failing to identify the end-
users of its reports.   Plaintiffs have defined the Count III
class to include:

>     All natural persons residing in the United
>     States (a) who were the subject of a report
>     sold by Defendant National Background Data
>     to any third party; (b) for which Defendant
>     National Background Data did not obtain the
>     name of the end user from its reseller
>     customer at the time that it furnished the
>     report; (d) during the five year period
>     preceding the filing date of the Complaint
>     and during its pendency.
>
>     Excluded from the class definition are any
>     employees, officers, directors of Defendant
>     National Background Data, any attorney
>     appearing in this case, and any judge
>     assigned to hear this action.

Id. ¶ 87.

Count IV is an individual claim, brought by Witt against
SafeRent pursuant to 15 U.S.C. § 1681e(b).   That section
requires that:

>     Whenever a consumer reporting agency
>     prepares a consumer report it shall follow
>     reasonable procedures to assure maximum
>     possible accuracy of the information
>     concerning the individual about whom the

report relates.

15 U.S.C. § 1681e(b).   Witt alleges that SafeRent "failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Plaintiff Witt."  SAC ¶ 102.

The SAC alleges that both Defendants committed all of the above violations willfully, and therefore the SAC seeks statutory and punitive damages on all counts.  Witt also seeks actual damages on Count IV.

## FACTUAL BACKGROUND

NBD is a reseller consumer reporting agency that provides its customers access to a database ("The Multistate Database" or "the Database") of criminal record information.  SAC ¶ 32. NBD's customers, which in this instance are consumer reporting agencies ("CRAs"), pay to search the Multistate Database by way of the Internet.  The Multistate Database then returns results (such as arrest records) that match the search criteria that are entered by NBD's customer.  Id. ¶ 31.

The Multistate Database is owned and managed by SafeRent, a sister company to NBD.  Id. ¶ 32.  SafeRent obtains most of the criminal record data in the Database electronically from governmental sources.  Id. ¶¶ 42-44.  SafeRent buys criminal records in bulk, formats those records so that they can be properly incorporated into the Multistate Database, and updates

the records at varying intervals.  Id.  Because SafeRent purchases criminal record data in bulk, the public records in the Multistate Database often contain only limited identifying information.  For example, public records purchased in bulk rarely, if ever, contain Social Security Numbers ("SSNs"), and sometimes do not contain other identifying data such as middle names or addresses.  Id.

The Class Plaintiffs present factually similar cases.  All Plaintiffs reside in Virginia and have applied for employment opportunities within the last five years.  SAC ¶ 15.  Plaintiffs also allege that, at some point within the last twenty-two years, each was the subject of a background report provided by SafeRent and NBD.  Id. ¶¶ 20-31.  Each of these background reports was purchased by one of NBD's CRA customers, which then resold an edited version of the report.  Id. ¶¶ 16-18.

Plaintiffs Allen, Edwards, Hackett, White, Roberts, Stanley, and Witt further specify that NBD provided their background checks in conjunction with employment applications that occurred within the last five years.  SAC ¶¶ 21, 23-27. Each of those background checks contained criminal record "hits" attributed to the enumerated Plaintiffs.  Id. ¶ 38. Furthermore, each of those Plaintiffs alleges that he or she was denied employment based on the information supplied by SafeRent and NBD.  Id. ¶¶ 21, 23-27.

## PROCEDURAL HISTORY

The original Complaint in this action was filed on June 26, 2015. (ECF No. 1). SafeRent filed its first motion to dismiss (ECF No. 9) on August 31, 2015, on the grounds that: (1) the claims of Plaintiffs Tyrone Henderson and James O. Hines, Jr. were time-barred; (2) SafeRent was not subject to personal jurisdiction in Virginia with respect to the claims of Plaintiff John Moore; and (3) those claims having been dismissed, Plaintiff Witt's claims should also be dismissed for improper venue. (ECF No. 10). Less than 24 hours later, in an apparent attempt to circumvent the issues raised in SafeRent's motion to dismiss, Plaintiffs filed an Amended Complaint, which was largely identical to the original Complaint except for the addition of brief and vague allegations pertaining to fourteen newly proposed Named Plaintiffs. (ECF No. 12).

Both SafeRent and NBD again moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF Nos. 26, 37). On January 12, 2016, the Court granted Defendants' motions in part and dismissed the claims of Plaintiffs Henderson, Hines, and Moore with prejudice. (ECF No. 49). The Court also found that the claims of the fourteen so-called "Newly Named Plaintiffs" lacked any factual support, and therefore failed to plausibly allege any FCRA violations. Accordingly, the Court dismissed the Newly Named Plaintiffs' claims without prejudice and with leave to

amend.  Id.  Defendants' motion to dismiss the Amended Complaint was therefore denied as moot as to Witt.  Id.

The SAC attempts to cure the defects of the Amended Complaint by adding additional details concerning nine of the fourteen Newly Named Plaintiffs (the other five Newly Named Plaintiffs do not appear in the SAC).  Defendants have again moved to dismiss on the ground that the SAC fails to satisfy the requirements of Fed. R. Civ. P. 8(a) and 12(b)(6).  For the reasons set forth herein, the motion will be granted in part and denied in part.

## DISCUSSION

### A. Legal Standard

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal of a claim if the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim" showing that the pleader is entitled to relief.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Courts should assume the veracity of all well-pleaded allegations in the Complaint, and should deny a motion to

dismiss where those well-pleaded allegations state a plausible claim for relief. Id. at 679. That is, a court "will accept the pleader's description of what happened...along with any conclusions that can be reasonably drawn therefrom," but "need not accept conclusory allegations encompassing the legal effects of the pleaded facts." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 1998); Chamblee v. Old Dominion Sec. Co., L.L.C., 2014 WL 1415095, at *4 (E.D. Va. 2014). A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Twombly, 550 U.S. at 556. A court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct. Iqbal, 556 U.S. at 678-79.

The Supreme Court made clear in Iqbal that, to distinguish claims that are plausible from those that are not, the court must distinguish between "on the one hand, statements alleging in a conclusory manner a defendant's conformity to legally proscribed activity with accompanying threadbare facts, and on the other, statements containing factual allegations that, separated from mere restatements of legal elements of a claim, assert plausible grounds for relief." Gutierrez v. TD Bank, 2012 WL 272807, at *5 (D.N.J. Jan. 27, 2012). In other words,

allegations of wrongful conduct that are framed "exclusively within the terms of the relevant statutes or case law authority" fail to meet this standard.  Id.

Although courts generally do not consider extrinsic evidence in deciding motions under Rule 12(b)(6), "a court may consider...documents central to a plaintiff's claim, and documents sufficiently referred to in the complaint without converting the [motion] into one for summary judgment, so long as the authenticity of the documents is not disputed." PBM Nutritionals, LLC v. Dornoch Ltd., 667 F. Supp. 2d 621, 626 (E.D. Va. 2009) (citing Witthohn v. Fed. Ins. Co., 164 F. App'x 396, 396 (4th Cir. 2006)).  Finally, in considering a motion to dismiss, the court may "properly take judicial notice of matters of public record." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

**B. Analysis**

Defendants contend that the SAC fails to satisfy the pleading standards set forth in Twombly and Iqbal. (Defendants' Memorandum in Support of Its [sic] Motion to Dismiss Plaintiffs' Second Amended Complaint or, in the Alternative, to Transfer Venue ("Def. Mem.," ECF No. 52)). Specifically, Defendants assert that the SAC is inadequate because:

> [a]ll that is alleged is that at some point
> in the past—including as long as twenty two
> years ago—each of the Newly Named Plaintiffs

> underwent background checks and were denied
> an employment opportunity. The nature of
> NBD's involvement is not linked to any
> application. There is no mention of the
> data returned by SafeRent/NBD, let alone how
> it was 'likely adverse' or 'incomplete.'
> The employers and job positions sought are
> not identified. The Newly Named Plaintiffs
> do not provide the approximate date they
> allege that SafeRent/NBD were involved in
> any of their alleged efforts to obtain
> employment.

Id. at 2.

The Court agrees with Defendants as to the claims of Plaintiffs Robertson, Gonzalez, and Holmes. Accordingly, Defendants' motion to dismiss will be granted as to those Plaintiffs. However, the Court finds that Plaintiffs Allen, Edwards, Hackett, White, Roberts, and Stanley have alleged sufficient facts to support plausible claims under the FCRA. Therefore, Defendants' motion will be denied as to those Plaintiffs.[1]

_____

[1] Defendants also contend that, once the claims of the nine remaining Newly Named Plaintiffs are dismissed, Plaintiff Witt's claims must fail for lack of proper venue. However, Defendants do not challenge the plausibility of Plaintiff Witt's allegations. Nor do Defendants contend that venue in the Richmond division is improper as to any of the other nine Plaintiffs. Therefore, because the Court finds that the claims of Plaintiffs Allen, Edwards, Hackett, White, Roberts, and Stanley, all of whom reside in the Richmond division of the Eastern District of Virginia, satisfy Fed. R. Civ. P. 12(b)(6), it is not necessary to reach Defendants' arguments concerning venue, which are premised on the assumption that Witt is the only remaining Named Plaintiff.

### 1. **Plaintiffs Robertson, Gonzalez, and Holmes**

Plaintiffs Robertson, Gonzalez, and Holmes' claims must fail because they have alleged no facts linking NBD or SafeRent to the asserted claims. For example, Robertson alleges that:

> Over a course of several years, beginning in 1999, he has been the subject of multiple background checks, one of which was created when NBD sold his report to HR Plus. Approximately three years ago, he had sought a position with a government contractor for which an offer was withdrawn because of a derogatory dismissed criminal record in his background check.

SAC ¶ 20.

The fact that Robertson was the subject of a report provided by NBD at some point within the last seventeen years, combined with the fact that some unspecified CRA included a "derogatory dismissed criminal record" in Robertson's background check at some point within the last three years, does not permit the Court to infer any conduct violative of the FCRA by SafeRent or NBD. The Court is unable to discern from this short paragraph when, or for what purpose, Robertson's background report was furnished by SafeRent and NBD; when or where Robertson submitted the employment application that led to such a report; whether the report furnished by NBD included incomplete or outdated criminal record information; or whether that report affected Robertson's application for employment.

Thus, Robertson has alleged no connection between Defendants and the allegedly defective background report.

For the same reasons, the allegations pertaining to Plaintiffs Holmes and Gonzalez also lack this necessary nexus, notwithstanding the Court's previous Memorandum Order explicitly alerting Plaintiffs to this deficiency. (ECF No. 49). These claims are exactly the sort of threadbare, conclusory generalizations that the Supreme Court condemned in Iqbal and Twombly, and are insufficient to support any plausible claim under the FCRA. See ECF No. 49; see also Hinton v. Trans Union, LLC, 654 F. Supp. 2d, 440, 449 (E.D. Va. 2009).

Accordingly, all claims of Plaintiffs Robertson, Gonzalez, and Holmes will be dismissed with prejudice.

## 2. Plaintiffs Allen, Edwards, Hackett, White, Roberts, and Stanley

### a. Count I:  15 U.S.C. § 1681k(a)

To state a claim under 15 U.S.C. § 1681k(a), a plaintiff must allege facts showing that:  (1) the defendant furnished employment-purposed consumer reports; (2) the reports contained adverse public record information; (3) the defendant failed to provide the requisite notice under § 1681k(a)(1); (4) the defendant furnished reports that contained incomplete or outdated public records; and (5) the defendant failed to maintain strict procedures to ensure that the records it

furnished were complete and up to date.  Henderson v. CoreLogic
National Background Data, LLC, -- F. Supp. 3d --, 2016 WL
685127, at *10 (E.D. Va. Feb. 18, 2016); Speers v. Pre-
Employ.com, Inc., 2014 WL 2611259, at *5-7 (D. Or. May 13,
2014); Farmer v. Phillips Agency, Inc., 285 F.R.D. 688, 700
(N.D. Ga. 2012).  Plaintiffs Allen, Edwards, Hackett, White,
Roberts, and Stanley have adequately alleged all of these
elements.

     First, those Plaintiffs have all set forth allegations
specifically connecting SafeRent and NBD to employment-purposed
background reports obtained within the past five years.  SAC ¶¶
21, 23-27.  For example, Plaintiff Allen alleges that,
"[a]pproximately three years ago, he sought a position with a
staffing agency.  The staffing agency helped him procure a
contract position, the offer of which was withdrawn because of
criminal record information that NBD supplied about him."  SAC ¶
21.  Similarly, Plaintiff Roberts alleges that, "[a]pproximately
five years ago, he had sought a position with a security company
for which he was disqualified because of the information that
NBD supplied about him."  Id. ¶ 26.  Second, Plaintiffs allege
that these reports contained criminal record "hits" that
adversely affected their employment applications.  See SAC ¶ 21,
23-27, 38.

     Third, Plaintiffs allege that they did not receive the

notices required by § 1681k(a)(1) "at the time" SafeRent furnished their consumer reports--indeed, Plaintiffs allege that they never received any such notices from SafeRent.  Id. ¶¶ 41, 61.  Fourth, Plaintiffs allege that "the public records [SafeRent] furnishes to third parties are summaries, indexes, or partial records that it obtains from its courthouse sources. SafeRent never furnishes the complete and up-to-date public record."  Id. ¶ 43. Specifically, the Named Plaintiffs allege that SafeRent's data is incomplete because it "purchased or obtained criminal records in bulk and thus without the identifying information, such as social security numbers."  Id. ¶ 44.  Finally, Plaintiffs allege that SafeRent's "standard procedure" of obtaining "summaries, indexes, and partial records" fails to satisfy the "strict procedures" requirement of § 1681k(a)(2).  Therefore, say Plaintiffs, § 1681k(a)(2) is "not available to SafeRent."

These allegations are sufficient to state a claim under § 1681k(a).  Plaintiffs have plausibly alleged that: (1) NBD (and, consequently, SafeRent) furnished background checks on Plaintiffs in connection with recent applications for employment; (2) those background checks contained criminal record "hits" that had an adverse effect on Plaintiffs' employment applications; (3) Plaintiffs did not receive notice of the reports as provided by § 1681k(a)(1); (4) the reports

furnished by NBD and SafeRent contained public records that were
incomplete or outdated; and (5) SafeRent failed to maintain
strict procedures to ensure that the public records it reported
were complete and up-to-date.    Thus, Plaintiffs have alleged
facts to support each element of § 1681k(a).

Therefore, Defendants' motion to dismiss Count I will be
denied as to Plaintiffs Allen, Edwards, Hackett, White, Roberts,
and Stanley.

### b. Count II:  15 U.S.C. § 1681(b)

To state a claim under 15 U.S.C. § 1681(b), a plaintiff
must allege facts showing that:   "(i) there was a consumer
report; (ii) the defendants used or obtained it; (iii) the
defendants did so without a permissible statutory purpose; and
(iv) the defendants acted with the specified culpable mental
state."   King v. Equable Ascent Fin., LLC, 2013 WL 2474377, at
*2 (M.D.N.C. June 10, 2013).

In addition to the factual allegations set forth in
paragraphs 21 through 44 of the SAC, detailed in part B.2 above,
Plaintiffs allege that NBD has argued in other litigation that
its reports, comprised entirely of information obtained from
SafeRent's database, are not sold for employment purposes.    SAC
¶ 4, 47 (citing Henderson v. CoreLogic Nat'l Background Data,
LLC, Case No. 3:12-cv-97).   If this is so, say Plaintiffs, then
Defendants could not have had a permissible purpose for

furnishing the reports.  Id. ¶ 75.  Plaintiffs further allege that this conduct was willful.  Id. ¶ 83.  This claim is pled in the alternative to Count I, as permitted by Fed. R. Civ. P. 8(d).  Id. ¶ 46.

These allegations, taken in conjunction with the factual allegations set forth in paragraphs 21 through 44 of the SAC, support each of the required elements for a plausible claim under § 1681b.  Plaintiffs Allen, Edwards, Hackett, White, Roberts, and Stanley have alleged a connection between SafeRent and NBD and specific consumer reports that, if not provided for "employment purposes," had no permissible purpose and thus were furnished in violation of § 1681b.

Therefore, the Court finds that Plaintiffs Allen, Edwards, Hackett, White, Roberts, and Stanley have adequately stated a claim under 15 U.S.C. § 1681b.  Defendants' motion to dismiss Count II will be denied as to those Plaintiffs.

### c. Count III:  15 U.S.C. § 1681e(e)

15 U.S.C. § 1681e(e)(2) requires resellers of consumer reports to "establish and comply with reasonable procedures designed to ensure" that the report is resold only for a permissible purpose as set forth in § 1681b.  Id.  The statute also enumerates three procedures that a reseller is required to maintain to satisfy this subsection, including "requiring that each person to which the report (or information) is resold and

that resells or provides the report (or information) to any other person (i) identifies each end user of the resold report[.]"  Id.  To state a claim under this subsection, a plaintiff must plausibly allege that:  (1) the defendant is a reseller of consumer reports; (2) the defendant resells those reports to other resellers; (3) the defendant furnished reports for an impermissible purpose; and (4) the defendant failed to maintain reasonable procedures, including, if applicable, the procedures specifically enumerated by § 1681e(e)(2), to ensure that the end-users of its reports sought those reports only for permissible purposes.  15 U.S.C. § 1681e(e); Washington v. CSC Credit Servs., 199 F.3d 263, 266 (5th Cir. 2000).

     Plaintiffs allege that NBD procured and resold their consumer reports and, more generally, that NBD is in the business of procuring consumer reports for resale.  SAC ¶¶ 21, 23-27, 33-36.  Plaintiffs also allege that their background checks were purchased from NBD and resold to their putative employers by other reseller consumer reporting agencies, such as HR Plus, ADP, FirstPoint, and Verifications.  Id. ¶¶ 16-18.  (In other words, NBD did not sell Plaintiffs' background checks directly to "end-users," i.e., potential employers.)  Plaintiffs allege in Count II that, if SafeRent's and NBD's reports were not furnished for "employment purposes," then the reports were furnished for an impermissible purpose, in violation of 15

U.S.C. § 1681b.   And, Plaintiffs allege that, "[u]pon information and belief, Defendant National Background Data does not ever obtain the identity of the end user of the reports that it procures for resale regarding the Class Plaintiffs and putative class members," and therefore, NBD did not "establish and comply with" the "reasonable procedures" required by 15 U.S.C. § 1681e(e)(2).   Id. ¶¶ 5, 89.

These allegations, read in conjunction with the allegations in Count II and the factual allegations set forth in paragraphs 21 through 44 of the SAC, plausibly state an alternative claim under § 1681e(e)(2).   Specifically, Plaintiffs have plausibly alleged that NBD is obligated to require its customers to identify end-users of its reports under § 1681e(e), that it does not do so, and that, as a result, NBD has furnished reports for an impermissible purpose.   Contrary to Defendants' assertions, Plaintiffs need not specifically allege the identities of the end-users in question to plausibly plead this claim.

Therefore, Defendants' motion to dismiss Count III will be denied as to Plaintiffs Allen, Edwards, Hackett, White, Roberts, and Stanley.

## CONCLUSION

For the reasons set forth above, DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (ECF No. 51) will be granted in

part and denied in part.   Defendants' motion will be granted as to Plaintiffs Robertson, Holmes, and Gonzalez, and will be denied as to Plaintiffs Witt, Allen, Edwards, Hackett, White, Roberts, and Stanley.

It is so ORDERED.

_____/s/_____REP_____

Robert E. Payne
Senior United States District Judge


Richmond, Virginia
Date:  April  8 , 2016