

DEC 1 4 2016

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

CAROLYN WITT, et al., on behalf
of themselves and all others
similarly situated,

    Plaintiffs,

v.                            Civil Action No. 3:15cv386

CORELOGIC SAFERENT, LLC,
et al.,

    Defendants.

**ORDER**

Having considered PLAINTIFFS' MOTION TO OVERRULE OBJECTIONS AND COMPEL DISCOVERY RESPONSES (ECF No. 117), the supporting, opposing and reply memoranda, and the materials filed therewith, it is hereby ORDERED as follows:

(1) To the extent that Defendants refuse to produce any document, or otherwise respond to any discovery request or request for admission, because, in their view, they, and what they do, are not governed by the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681(a)-(x), the refusal is unwarranted and the objection is overruled because the record establishes that the Defendants regularly treat the information that is the subject of the requests for production of documents, other discovery, and request for admissions ("the requested information") as regulated by the FCRA; the so-called Multistate database housed on the AS400 mainframe

controlled by Defendants has been acknowledged to be a FCRA-regulated system; and the Defendants do not sell information to their customers unless the customers agree to comply with the FCRA because Defendants consider the information that they sell to their customers was FCRA-regulated;

(2) To the extent that Defendants refuse to produce any document on the ground that it is subject to a Protective Order in the case of Taylor v. Corelogic SafeRent, LLC, No. 1:15cv1405 (E.D. Va.) or in the case of Williams v. Corelogic v. Rental Property Solutions, LLC, No. 8:6cv58-PX (D. Md.), or on the basis that production thereof would be burdensome or irrelevant, the objections are overruled because the requested information is relevant to the claims and defenses herein; and the Court finds that the requests are proportional to the needs of the case taking into account the significant issues in the case, the relative access to the relevant information in perspective of the Protective Order, the custody and control of the information, the importance of the discovery in resolving the issues in the case, and considering that there has been no showing of burden or expense associated with the posed discovery which, in any event, is outweighed by its likely benefit; and is appropriately discoverable herein; and, indeed, there is shown no significant burden in producing in this action information and documents already produced in the other actions.

However, because of the Protective Orders entered in the other cases, the Plaintiffs must forthwith move the Court in those cases to require production on the basis that this Court has found these documents to be relevant, discoverable and useful in this action and that the production herein will present no significant burden herein; and, to that end, the Plaintiffs shall inform the Court in the <u>Taylor</u> and <u>Williams</u> cases that this Court respectfully requests the release of the requested documents from the reach of the Protective Order therein or subject to the terms of the Protective Order; or, of course, the parties herein may agree that all documents designated as confidential under the Protective Orders in the <u>Taylor</u> and <u>Williams</u> actions shall be produced subject herein to the Protective Order in this case;

(3)  To the extent that the Defendants' responses generally direct "plaintiffs to the documents that were previously produced in matter of <u>Henderson, et al. v. Corelogic, et al.</u>, No. 3:12cv97 (E.D. Va.), those responses are categorically found to be inadequate responses for the reason that this case is a separate, albeit to some extent related, case than the <u>Henderson</u> case and all document responses herein must meet the requirements for adequate production in this case as if the <u>Henderson</u> case simply did not exist.  Because each case stands on its own merits, and in considerable ways, because the two cases actually do differ, all document responses served by the defendants that proceed under the assumption that a response in

3

this case can be satisfactorily presented by generally referencing matters produced in the Henderson case are held to be inadequate, and the Defendants shall file supplemental responses thereto; and the subsequent responses shall be subject to the rulings in this Order, and production may not be objected to on the basis of any objection that has been overruled by this Court;

(4)  Because the record establishes that the meet and confer process envisioned by the Local Rules and the orders of this Court have been frustrated by the Defendants' representatives, largely their in-house counsel, and because an inordinate period of time has been required for in-house counsel to advise its trial counsel herein of positions in respect of matters being negotiated in the meet and confer process, it is hereby ORDERED that all further meet and confer processes sessions shall be conducted in the facilities of the Court so that all disputes can be considered immediately by the Court, and it is further ORDERED that, if in-house counsel or other corporate representatives wish to participate in any way in the meet and confer processes hereafter, they shall attend those sessions in person, it being the experience of this Court that no in-house counsel or corporate representatives, in the 25 years of service of the presiding judge, has ever conducted itself in the dilatory fashion established by the record in this case, and it is therefore imperative that the Court (either the presiding judge or an assigned Magistrate Judge) must supervise the processes of meet and confer if they are

4

to have value; provided however that the findings in this paragraph (4) do not include trial counsel listed of record herein;

(5)   Because the so-called Multistate database does provide relevant information important to the issues in this case, and because access to the Multistate databases is necessary for the Plaintiffs to test the output and the content of the Results Returned database (production which has already been required), and because the proprietary nature of the Multistate database can be protected by the provisions of a Protective Order; and it further appearing, and because (and the Court so finding), the Multistate database contains public record information and, therefore, any objections based on consumer privacy have not merit; and because the Plaintiffs are entitled to examine the Multistate database and to conduct an analysis as to the completeness of the Defendants' public record information and the accuracy thereof, all of which is relevant to issues in this case and important to the ability of the Plaintiffs to prove their claims and to address the defenses herein, the Multistate database shall be provided to counsel for Plaintiffs;

(6)   To the extent that the Defendants object to the production of any document on the ground that production will be confusing for a jury, that objection is improper and is, in any event, premature at this point;

(7)   To the extent that any objections to produce any document are made on the basis that the Plaintiffs' claims are barred by the

statute of limitations, it is ORDERED that the objection is premature and that the asserted objective is an improper basis for an objection to any request for production of documents;

(8) To the extent that the Defendants are withholding documents on the grounds of privilege, and that no privilege log has been served, the privileges are waived; provided, however, to the extent that any request for production covers documents in the Williams and Taylor actions, and such documents have been held by the presiding judge in either, or both of those actions, to be privileged, the Defendants shall list the responsive documents in detail and identify them as privileged pursuant to an order of the presiding Court in those cases and shall provide to the counsel for the Plaintiffs a copy of the court order that confers privilege and shall correlate in their written responses the part of the court order or opinion that is said to confer privilege upon the identified documents (on a document by document basis);

(9) The objections to Requests for Production of Documents ("RFP") No. 12 to Saferent are overruled upon a finding that the information sought by the request is reasonable and relevant to the issue of willfulness and to the claim by the Plaintiffs herein under § 1681(e)(b); provided however, that, if there are no such documents in existence, the Defendants must make an affirmative statement in their supplemental response that there are no such documents in

existence and why, and that no such documents are being withheld pursuant to any objection;

(10) The objection to the RFP No. 17 to Saferent is overruled because the request is for information that is relevant to the issue of willfulness. If, however, Saferent has no (or, at relevant times, had) policies or procedures in place respecting its standards for authorizing the sale of criminal records, civil judgments, or bankruptcy information to a third party, then it must explicitly so state in its supplemental response to the RFP;

(11) The objection to the RFP No. 25 to Saferent and the RFP No. 14 to NBD is overruled because marketing documents of the sort therein requested are relevant and reasonable to assist the Plaintiffs in proving the claims in this case; and to understand the Defendants' positions about how they conduct their business and to the issue of willfulness; and because at least one marketing document has been identified in deposition testimony; and, if there are no marketing materials for, or related to, employment consumer reports other than the one mentioned in Ms. Goodman's deposition, then the Defendants must affirmatively so state in their supplemental responses that there are no such documents, and why, and that no such documents have been withheld pursuant to any objection;

(12) The objections to RFP No. 30 to Saferent are overruled on the ground that the documents are relevant and useful in this case to the issue of willfulness; and because the objections, as respect

to privilege, come too late there being no privilege log that has been produced, except to the extent the rulings or privilege has been made as to a specific document in the Taylor or Williams cases;

(13) The objections to RFP No. 50 and RFP No. 35 to NBD are overruled because the Defendants have impermissibly sought to limit the requests to seek only communications between the Defendants and the NBD subscribers that received the Plaintiffs' reports, thereby avoiding the scope of the request as it is articulated which seeks production of any communications that the Defendants have had with any of NBD's or Saferent's subscribers regarding §§ 1681(k)(a), 1681(b), or 1681(e)(b) and communications on those topics are relevant to the issue of willfulness and to the Defendants' apparent position respecting the reports that they provide as being beyond the scope of the FCRA.  And, as has been testified to in a deposition, the CDIA manual, and the communications respecting it, must be provided to the extent that the Defendants have sent any subscriber a copy of that manual;

(14) The objection to RFP No. 5 to Saferent is overruled and the Defendants shall be required to provide full information free from any equivocation or objection because deposition testimony demonstrates that documentation of the sort requested is in existence and is relevant to the claims and defenses in this case;

(15) The objection to RFP No. 20 to Saferent is overruled to the extent that there are documents of the kind that are called for

beyond the six pages of documentation that have already been produced because it appears from answers to depositions in this case that documents of this kind do exist and are relevant to the claims and defenses.  If, however, there are no other documents of this kind in existence, the Defendants must so state in their supplemental response to the RFP's, and why, and shall state that no such document is being withheld pursuant to an objection;

(16) The objections to RFP No. 31 to Saferent are overruled because the information sought is relevant to the issue of willfulness and relevant to the claim made under § 1681(e)(b);

(17) The objection to RFP No. 35 to Saferent is overruled because the deposition testimony being sought is relevant to credibility determinations, to provide possible basis for impeachment, and because the testifying witnesses have been identified as people who will testify in this case, and their testimony on same subjects in this case can be tested by what they have said in other cases.  Accordingly, the objections to the production of deposition transcripts are overruled and the Defendants shall produce them;

(18) The objection to RFP No. 37 to Saferent is overruled and, if Saferent did not obtain certification of a permissible purpose to provide the Plaintiffs' personal identification (other than through the certifications obtained by NBD), the responses to the request for production shall so state unequivocally;

(19) The objection to RFP No. 48 to Saferent is overruled and the defendants shall state that it is not withholding any documents subject to any objection. Otherwise, such a response is inadequate and improper;

(20) The objection to RFP No. 49 to Saferent is overruled because the request is not confined, as Defendants would have it, to the documents related to the maintenance of the Multistate database. Accordingly, any manuals related to SCR decisions involving the FCRA must be produced, and that includes, without limitation, the compliance manual discussed in the Watts and Goodman depositions about CDIA information, as well as any documents respecting compliance with § 1681k(a)(2). If the Defendants have no such documents, and do not keep those documents, then they must so affirmatively state in their supplemental responses to the RFP's and there will be no qualification that the response is subject to any outstanding objections, all of which have been overruled;

In ruling on the foregoing objections and the motion to compel, the Court, in each instance, has considered the extent to which the requested documents are relevant to a claim or defense in the case (as claims or defenses are presented in the pleadings and briefs); the importance of the issues at stake in this case (which presents significant issues under the FCRA); whether the discovery requests are proportional to the needs of the case (where proportionality has been adequately presented as an issue, and finding that the

10

proportionality requirement is satisfied); the amount in controversy (which is substantial if a class is certified); the parties' relative access to relevant information (which in this case is almost exclusively in the hands of the Defendants); the parties' resources to the extent presented in the record (finding that the Plaintiffs' resources are quite limited and that the burden of compliance are not great to the Defendants which are substantial entities, even though they are not exceedingly wealthy); the importance of the discovery in resolving the issues (which is critical if the case is to proceed); and the fact that the burden of having the Defendants provide the discovery is not at all outweighed by the likely benefit thereof (in fact, the likely benefit of production far outweighs the burden to the extent that any burden has been shown).

It is further ORDERED that compliance with this Order shall be completed by the Defendants without any further objections, and without any further delay, by January 16, 2017, and without any further extensions.

Further, it is ORDERED that the documents shall be produced in such a way as to enable the Plaintiffs to understand explicitly which documents are responsive to which RFP by specifically identifying the documents to a particular RFP. This is necessary because of the delay in providing discovery in this case already evidenced by the Defendants, and because the procedure will enable the Plaintiffs more efficiently to use the documents in the extended discovery period,

11

ordered herein below. The Defendants are advised that, unless this requirement is satisfied fully, they run the risk of sanctions including, without limitation, the striking of defenses in this case.

It is further ORDERED that a new period of discovery shall be available to the Plaintiffs, and only to the Plaintiffs, and shall begin February 15, 2017 and shall continue until March 31, 2017. Should some document that is produced necessitate additional discovery by the Defendants, the Defendants may file a motion identifying such discovery as they need and why it is needed and therein shall particularly relating that need to the document that is thought to necessitate it. Any such discovery will be completed between February 15, 2017 to March 31, 2017.

It is so ORDERED.

_____ /s/ REP _____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 14, 2016