```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE EASTERN DISTRICT OF VIRGINIA

 3                           RICHMOND DIVISION

 4

 5    ---------------------------------------
                                             :
 6    CAROLYN WITT, et al., on behalf of     :
      herself and all others similarly       :   Civil Action No.
 7    situated                               :   3:15cv386
                                             :
 8    vs.                                    :
                                             :   May 22, 2017
 9    CORELOGIC SAFERENT, LLC                :
                                             :
10    ---------------------------------------

11

12          COMPLETE TRANSCRIPT OF THE CONFERENCE CALL

13             BEFORE THE HONORABLE ROBERT E. PAYNE

14                    UNITED STATES DISTRICT JUDGE

15
      APPEARANCES:
16
      Leonard A. Bennett, Esquire
17    Consumer Litigation Associates, PC
      763 J Clyde Morris Boulevard
18    Suite 1A
      Newport News, Virginia  23601
19    Counsel for the plaintiff

20    David N. Anthony, Esquire
      Troutman Sanders, LLP
21    Troutman Sanders Building
      1001 Haxall Point
22    Richmond, Virginia  23219
      Counsel for the defendant
23

24                       Peppy Peterson, RPR
                         Official Court Reporter
25                    United States District Court
```

1       P R O C E E D I N G S
2
3           THE COURT: Hello. All right, this is Witt against
4   CoreLogic, civil 3:15CV386. Mr. Bennett, you called in here
5   and said you had some kind of problem with the date of May 25th
6   because you made a mistake in scheduling or something to that
7   effect. What's the situation?
8           MR. BENNETT: Yes, sir. I didn't know it was this
9   Thursday until after I confirmed with my (unintelligible) --
10          THE COURT: We can't understand you. Mr. Bennett,
11  you are mush-mouthing. It's probably your telephone.
12          MR. BENNETT: My oldest -- I'm just --
13          THE COURT: That's better.
14          MR. BENNETT: My oldest son is moving from elementary
15  school to middle school, and there is a big ceremony at ten
16  o'clock on Thursday where the kids dress up in a suit and they
17  go on stage and they say something, and I had not put that into
18  my electronic calendar when I set the 25th, and it's entirely
19  my mistake, and Mr. Anthony has been kind enough to not object
20  if the Court would permit us to reschedule it, the hearing,
21  this Thursday morning. I can do it in the afternoon. Of
22  course, I can do it at any other time the Court would permit.
23          THE COURT: I have a full afternoon. I can't do it
24  in the afternoon, and I've moved the things that are in that
25  afternoon once before already, so I can't move them again. The

1 next time -- I have been reviewing these because I thought we
2 were going to have a hearing on Thursday, and some of them I
3 can decide without argument. I don't need any argument on some
4 of these things. So I don't know that it will take quite as
5 long as I thought it would. Are you in Combs against Capital
6 One, Mr. Bennett?
7       MR. BENNETT: I am, Judge.
8       THE COURT: That thing has a summary judgment motion
9 set on a Friday. I don't know why that's the case.
10       MR. BENNETT: It settled, Judge.
11       THE COURT: The case settled, didn't it?
12       MR. BENNETT: Yes, sir.
13       THE COURT: I was looking at my calendar. I'm not
14 going to do it on Friday. Let me tell you what I have in mind.
15 I have heard nothing from you, from any of you of the
16 requirement of paragraph four of the order that was May 10th
17 telling me what steps you were going to do to develop the
18 record in relation to the litigation vendor. So I'm going to
19 issue an order and tell you what to do.
20       The first thing is, wholly apart from anything the
21 defendant wants, I want to know what you want to do, Mr.
22 Bennett. I don't care what the defendant wants to do in this
23 submission. I want to know what you want to do. So when can
24 you get that to me?
25       MR. BENNETT: Tomorrow --

1       THE COURT:  A list.
2       MR. BENNETT:  -- by 5:00 p.m.
3       THE COURT:  Can you do that by 5:00 p.m. tomorrow?
4       MR. BENNETT:  Yes, sir.  I've already given the
5   defendant the list.
6       THE COURT:  I want the list.  Has the defendant got a
7   list?
8       MR. ANTHONY:  Your Honor, no, because we think the
9   issue has been resolved.  That's, I guess, still --
10      THE COURT:  How has it been resolved?
11      MR. ANTHONY:  Well, let me say it this way:  That's
12  probably not the right word choice.  The issues that we think
13  that are pertinent to addressing the issues from the vendor, we
14  believe we have addressed or we've told Mr. Bennett that we
15  would address.
16      THE COURT:  Well, listen, everybody has -- you all
17  have been at this meet-and-confer process, it's been fouled up
18  to a fare-the-well.  I don't know why it's been fouled up.  I
19  want a list from you of everything you have promised to do and
20  the date you promised to do it by 5:00 tomorrow.
21      MR. ANTHONY:  Yes, sir.
22      THE COURT:  And we're going to have a hearing on this
23  vendor issue, because I don't want these -- I don't think that
24  these people are allowed to do what they're doing here, but I
25  don't know that because I have very little information.  It

1  sounds funny to me, but I don't know.
2      I will want to know, and I'm going to have a hearing
3  to settle, who hired these people, who pays those people, why
4  they were hired, what the contract arrangements are, who they
5  are, what the backgrounds are of the people who are doing the
6  work, what is the staff, and what is the involvement of
7  Troutman Sanders in any or all of this so I can understand
8  exactly where we are. I told you before I know I can rely on
9  Troutman Sanders. I don't have any knowledge about these other
10 people, so I don't know who I can rely on or why.
11     And I will need all of that. I'm going to set a
12 schedule for you. I'm going to schedule a hearing on it. It's
13 going to be independent of all of this, and it may affect how
14 the rest of this case proceeds and who gets assessed what in
15 the way of fees and costs for discovery.
16     I don't know where we're heading on it, but I'm going
17 to get to the bottom of this so I don't ever have to deal with
18 it again in this case or any other case, so I know what's going
19 on.
20     I see here positions being advanced by the defense
21 that I cannot believe would be advanced, and I'm taken aback by
22 it, so I want to understand what's going on here. With the
23 inputs I get from you all by 5:00 tomorrow, I'll set a schedule
24 and we'll do what's to be done.
25     Now, as I understand it, Mr. Anthony, the notebook

1  that you all sent me with a letter dated May 18th, 2017,
2  represents the entirety of the privilege claims, of the
3  documents of privilege in response to the 2017 document
4  requests; is that correct or not correct?
5           MR. ANTHONY:  Yes, Your Honor, that's correct.
6           THE COURT:  So now I understand that.
7
8                (Discussion off the record.)
9
10          THE COURT:  I'll see you on the morning of June 1st
11 at 10:00 a.m., and that will be on these motions to compel that
12 I have here.  Docket number 195 is the plaintiff's, and 186 is
13 the defendant's.  And then if there's anything that I need to
14 take up in respect of these statements of position on 194 for
15 the plaintiffs and the defendants 193, I'll take those up
16 excepting only the vendor issue which I will schedule and get
17 to the bottom of.  I don't intend to let that slow us down.
18          Now, I have one other question.  When is the
19 certification motion due in this case?  Mr. Bennett?
20          MR. BENNETT:  Judge, yes, sir.  The motion was
21 already filed.  The opposition was filed on Thursday.  Our
22 reply, I believe, is due June 2nd.
23          THE COURT:  And what do these discovery requests have
24 to do with certification?
25          MR. BENNETT:  We don't believe they have anything to

1   do -- or that they impair class certification.  This case is
2   not bifurcated.
3           THE COURT:  I understand that.  My point is, we can
4   still go on with the certification.
5           MR. BENNETT:  Yes, sir.
6           THE COURT:  Do you agree with that, Mr. Anthony?
7           MR. ANTHONY:  Yes, sir.
8           THE COURT:  All right.  So you might well get ready
9   on the schedule I've just told you.  We'll move that, the
10  hearing of the 25th to June 1st if I need it.  I'm going to
11  continue plowing through, and I may just decide this without
12  any further argument.  It's been briefed and briefed and
13  briefed, and I think I understand it now.  And we will go
14  forward from here.  Do we have a date on the certification
15  motion argument?
16          MR. ANTHONY:  Yes, sir.
17          THE COURT:  What date is it?  I don't see --
18          MR. ANTHONY:  Your Honor, I believe I have it on my
19  calendar at June 19th at 10 o'clock.
20          MR. BENNETT:  Yes, sir.
21          THE COURT:  I don't have it at all.  It's the class
22  certification?
23          MR. ANTHONY:  Yes, sir.  You set the -- when we set
24  the trial dates and you set all the briefing, the schedule that
25  Mr. Bennett just alluded to was added, so it's my understanding

1    that it's June 19th at 10:00 a.m.
2            THE COURT:  All right.  That just didn't make it on
3    my calendar, I guess.  We have it here, it's just not on my
4    little book.
5            MR. ANTHONY:  Okay.
6            THE COURT:  Then I have something at 10 o'clock
7    called Hardin against Gillman class certification.  Is that
8    yours, Mr. Bennett?
9            MR. BENNETT:  No, sir.
10           THE COURT:  All right.  I'll find out what that is.
11   I think that takes care of all we need to do today.  If I
12   decide a motion before the hearing on June 1st at 10:00 a.m., I
13   don't need to hear anything about it.  We're going to have to
14   move on with this matter and get it straight.
15           I will set a date for a hearing, an evidentiary
16   hearing at which to deal with this vendor question that has
17   been raised in some of the papers by the defendant, and we
18   will -- we'll abide the event once we have a record and really
19   understand what the facts are, because until I get all that
20   down, it may be that the perceptions that I have are just
21   simply incorrect and I don't need to worry about it.  For now,
22   we will build a record and see what's going on.  All right, is
23   there anything else you all need to take up?
24           MR. ANTHONY:  Not from the defendants, Your Honor.
25           MR. BENNETT:  No, sir.

```
 1            THE COURT:  All right.  Thank you all very much for
 2   being available.
 3
 4                       (End of proceedings.)
 5
 6
 7        I certify that the foregoing is a correct transcript
 8   from the record of proceedings in the above-entitled matter.
 9
10
11   _____/s/_____                    _____
     P. E. Peterson, RPR                    Date
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```