IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CAROLYN WITT,

    Plaintiff,

v.                                              Civil Action No. 3:15cv386

CORELOGIC SAFERENT, LLC
et al.,

    Defendants.

### MEMORANDUM ORDER

This matter is before the Court on PLAINTIFF'S MOTION TO COMPEL (ECF No. 195) filed against CoreLogic Saferent, LLC ("SafeRent") and CoreLogic National Background Data, LLC ("NBD"). Having considered the motion, the supporting, opposing and reply memoranda, it is hereby ORDERED that the PLAINTIFF'S MOTION TO COMPEL (ECF No. 195) is granted in part and denied in part as set forth below.

**A. Claims of Privilege**

As previously ordered (ORDER, December 16, 2016, ECF No. 143), to the extent that the Defendants are withholding, on the ground of privilege, documents that were requested by the Plaintiffs' so-called "2016 Discovery Requests," the claims of privilege have been waived because no privilege log was timely served as to those requested documents. Accordingly, the motion is granted and the

Defendants shall produce all documents requested by the 2016 Discovery Requests that are being withheld from production on a ground of privilege. Production thereof shall be made not later than June 12, 2017.

To the extent that the Defendants have claimed privilege respecting Plaintiff's so-called "2017 Discovery Requests" (the Fourth Set of Requests for Production of Documents on SafeRent and the Second Set of Requests for Production of Documents on NBD), the privilege is not waived as to documents that are requested for the first time in those requests because a privilege log was timely served as to such documents. On that point, the proper procedure for securing documents that were requested in the 2016 Discovery Requests, but that are being withheld improperly, is to file a motion to compel production, not to file a second set of requests for production. Therefore, the second set of production requests (the 2017 Discovery Requests) must stand on their own, and the Defendants have an opportunity to assert privilege by way of a timely filed privilege log as to such documents; provided, however, that the filing of the 2017 Discovery Requests does not operate to save from the previous finding of waiver of privilege any document that was encompassed by the 2016 Document Requests. In other words, the privilege log respecting the 2017 Discovery Requests cannot protect from discovery the documents as to which the privilege has already

been waived. Accordingly, the motion is granted as to all documents requested by the 2016 Discovery Requests that are being withheld on the ground of privilege and the Defendants are required to produce all such documents; and, to assure that that obligation is discharged, the Defendants' counsel shall, by June 12, 2017, certify that all such documents have been produced and shall list for the Court and the Plaintiff any documents that are being withheld from production on the ground they were first requested in the Plaintiff's 2017 Discovery Requests and were listed in a timely-filed privilege log.

With respect to the following topics, the motion is granted in part and denied in part as set forth below.

**B. Compulsion Respecting the 2016 Discovery Requests**

**1. Identification of Witnesses**

It has become obvious during the meet and confer process that the Defendants have not fully answered the Plaintiffs' 2016 interrogatories calling for identification of persons with knowledge about the facts and allegations in this action. In particular, during the meet and confer process, the Defendants for the first time identified Cindy Cooke, the contract administrator for Corelogic, Inc. ("CLI"), Dominque Matthews, a senior client service analyst for CLI, and Asia Whitaker, a senior account executive for CLI, as well as a number of compliance and legal employees employed by CLI.

It is far too late for that information to have been disclosed and, as a result, the proceedings have been delayed. Accordingly, it is hereby ORDERED that the PLAINTIFF'S MOTION TO COMPEL (ECF No. 195) is granted and that, by June 12, 2017, the Defendants shall fully answer Plaintiffs' 2016 interrogatories calling for the identification of persons with knowledge of the facts and allegations in this action.

Once the witnesses are identified, the Plaintiff may depose them and, to that end, counsel shall agree on a schedule and submit a Consent Order with that schedule.[1]

## 2. The Relationship Between the Two Defendants

It has become obvious during the course of the proceedings that discovery has been complicated by the highly doubtful assertions of the Defendants, SafeRent and NBD, that they were separately owned, operated and managed entities. In the meet and confer process, it has become obvious that employees of SafeRent and CLI, the parent company of SafeRent and NBD, provide important management and operational services for NBD. In particular, the human resources function, the accounting function, the legal function, and the

---

[1] Unfortunately, in this case, counsel have taken far too long to reach agreement on even the simplest of issues. The deliberations over discovery have gone too long and have delayed the case. Therefore, if counsel have not submitted the Consent Order by June 12, 2017, the parties shall submit proposed dates to the Court and the Court will set the dates.

4

compliance function are staffed by employees of SafeRent and/or CLI. Accordingly, the PLAINTIFF'S MOTION TO COMPEL (ECF No. 195) is granted and the Defendants shall, by June 12, 2017, file a sworn statement that substantively and in detail sets forth all of the facts regarding the corporate, managerial, and operational relationships between the Defendants *inter se* and between the Defendants and CLI. Further, the Defendants shall fully respond to Plaintiffs' First Set of Interrogatories to NBD, Interrogatory No. 10, and Plaintiffs' Set of Requests for Production of Documents to NBD, Request No. 16, and Plaintiffs' Request for Production of Documents to SafeRent, No. 24.

Further, the previous obfuscation respecting the corporate, managerial, and operational relationships between the Defendants *inter se*, and between the Defendants and CLI has caused confusion and delay in these proceedings. Therefore, a full and accurate description of those corporate and operational relationships is necessary so that the Court can assess the validity of certain positions taken by the Defendants in the litigation, in particular certain arguments made by the Defendants respecting whether they are covered by the FCRA and whether the reports they provide are consumer reports under the FCRA.

3. **The Defendants' Procedures and Policies and Communication Respecting the Application of, and/or Their Compliance With, the FCRA**

Throughout this litigation, the Defendants have taken the position that the reports that they generate are not governed by the FCRA and that they, themselves, are not covered by the FCRA. Documents recently produced pursuant to the ORDER previously entered herein (ECF No. 143) disclose that, in its business communications with its customers, NBD explicitly represents to the contrary to its customers, specifically stating that NBD's reports to its customers are "consumer reports" under the FCRA and that NBD is covered by the FCRA. In what appears to be a current NBD website, the following appears:

> What is National Background Data, LLC?
> National Background Data is considered to be a Credit Reporting Agency (CRA) and complies with the Fair Credit Reporting Act (FCRA). National Background Data collects public information (criminal history and landlord/tenant court records), and sells this information to other CRA's for resale to businesses with permissible purposes under the FCRA.[2]

In addition, the Form-10-K filed by CLI reports that "a number of our databases and services are subject to regulation under the FCRA."

---

[2] https:/www.nationalbackgrounddata.net/publicsiteforms/pages/consumers.jsp

6

On the other hand, there is information that representatives of NBD suggested otherwise in 2002.[3]

Considering the evidence relied on by the Plaintiff and the information from NBD and CLI, the Court finds, as the Plaintiff asserts, that the Defendants likely have procedures and policies and documentation respecting the application of, and compliance with, the FCRA or that they follow CLI's procedures or policies on such matters and it is ORDERED that the Defendants shall produce all such practices, policies and procedures and communications between themselves and/or between either of them and CLI relating to compliance with the FCRA and whether the Defendants or their operations are covered by the FCRA because those documents were called for in the Plaintiff's 2016 Discovery Requests. In the Plaintiff's brief, it is asserted that the Defendants are claiming privilege as to such documents requested in the 2016 Discovery Requests on the basis of the renewed discovery request (the 2017 Discovery Requests). As discussed above, such claims of privilege are not valid. The PLAINTIFF'S MOTION TO COMPEL (ECF No. 195) is

---

[3] Special Issues Associated with Using Public Records in FCRA-Compliant Criminal History Background Checks, Robert W. Holloran, William J. Bollinger, Sharon K. Goodman, Presented to the 2d Courtroom 21 Conference on Privacy and Public Access to Records, November 2, 2002.
    Because of the recent evidence which the Plaintiff cites and the confused, and confusing, record on this basic point, the Court made a simple search of the internet sua sponte.

granted as to the foregoing documents, and production shall occur by June 12, 2017.

> 4. **Communications Between the Defendants with its Reseller Customers That Involve Sales, the Setting Up of Relationship, and/or the FCRA**

The Plaintiff's 2016 Discovery Requests encompass requests for this relevant and discoverable information. The Defendants have made available considerable number of boxes of old customer files. Inspection by the Plaintiff's counsel shows them to be incomplete and that some documents (such as disputes) are missing from some of the individual files. Clearly, the contracts and communications between the Defendants and their customers that discuss the applicability of the FCRA to the Defendants and the products they sell to their reseller customers are relevant and discoverable respecting issues in the case and the Defendants' defenses.

On this point, the PLAINTIFF'S MOTION TO COMPEL (ECF No. 195) is granted and it is hereby ORDERED that the Defendants produce the contracts with the reseller customers and communications with the reseller customers that involve or mention the applicability of FCRA to the Defendants and the products they sell to the reseller customers. Production thereof shall be made by June 12, 2017.

The Plaintiff's motion requests "production of emails and mirror copies of the hard drives of the operational employee who handled these customer communications." That request does not

appear to have been made until briefing on this motion so it would not be proper for the Court to compel production of the mirror copies of the hard drives of those operational employees. To that extent, the motion is denied.

### 5. The Defendants' Communications With the Supreme Court of Virginia

Proper document requests called for communications on the subject of communications between the Defendants and the Supreme Court of Virginia on topics related to this case. There appears to have been no objection to any of the requests from the Defendants. Therefore, they must be responded to. The Defendants seem to say that, since the filing of the Plaintiff's motion, they have provided "any email to or from any individual within the Office of Executive Secretary of the Supreme Court of Virginia regardless of its relevance." The Plaintiff seems to agree. Therefore, it appears that this aspect of the motion to compel, although well-taken, is moot.

However, the Plaintiff, in her reply brief, calls for sanctions, including the payment of attorneys' fees. That request is indefinite and is unsupported. It may be made, however, the subject of a separate motion addressed to that topic and after full briefing, the Court will consider it if the Plaintiff chooses to pursue the point.

However, the Plaintiff advises that she has been prejudiced by the late production of this information "because she was forced to file her motion for class certification without it and did not have it for use when deposing the representative of the Office of Executive Secretary of the Supreme Court of Virginia." To remedy that prejudice, it is hereby ORDERED that the Plaintiff shall be permitted to take another deposition of the representative of the Office of Executive Secretary of the Supreme Court of Virginia to explore any matters in the documents that were not objected to and were improperly withheld from production. Further, the Plaintiff may file a supplemental brief on the topic of class certification to which the Defendants will be permitted no reply presenting such information that was discerned from the documents belatedly produced or the deposition, if one is taken.

C. **The 2017 Discovery Requests**

1. **Electronically Stored (ESI) Requests**

This rather complex area is confusingly presented in the briefs so the Court has requested each side to provide the search terms that it considers appropriate and this aspect of the motion will be considered further at the hearing on June 1, 2017.

10

**2. Documents Respecting the Defendants' Compliance with the FCRA and the Defendants' Legal Reading of the FCRA**

It is obvious from the documents attached to the Plaintiffs' motion (for example, Exhibit 2.NBD_Witt_023532) and several documents like it that appear in the file as well as the 10-Q and 10-K forms filed by CLI with the Securities Exchange Commission that Defendants and their parent company, have reached the conclusion that the FCRA does in fact apply to them and, at least, some of their operations. Nonetheless, in this case, the Defendants contend otherwise. Documents defining the applicability of the FCRA to the Defendants were requested also in 2016 and they were not objected to as privileged or otherwise. For those reasons set out in paragraph B.2 and B.3 above, the PLAINTIFF'S MOTION TO COMPEL (ECF No. 195) is granted and the Defendants shall produce all such documents respecting the application of the FCRA to the Defendants, and their compliance with the FCRA that are responsive to the 2016 Discovery Requests. Production shall be by June 12, 2017.

To the extent that the 2017 Discovery Requests make requests for the first time, and the Defendants have filed a timely privilege log, the PLAINTIFF'S MOTION TO COMPEL (ECF No. 195) is denied without prejudice to the filing of a motion to compel production of such documents.

    **3. Documents Produced to Third Party Consumers**

    **4. Documents Regarding Relationships Between the Two Defendants and Their Parent Company, CoreLogic, Inc.**

    **5. NBD's Communications With Third Parties Regarding the FCRA**

Topics 3 and 4 have been previously covered and need not be revisited here because they were called for in the 2016 Discovery Requests and were not objected to and the claim of privilege was not raised and those documents as called for must be produced.

To the extent that the Defendants declined to produce NBD's communications with third parties respecting the FCRA, the Court concludes that all of those communications must be produced because evidence that has been produced strongly evince that the position that is being taken by the Defendants in this Court is not the position that it takes in communicating with third parties, particularly its customers. The PLAINTIFF'S MOTION TO COMPEL (ECF No. 195) as to such documents will be granted and those documents will be produced by June 12, 2017.

Further, except as otherwise ordered herein, the Defendants shall produce responses to the following discovery requests:

> Plaintiff's First Set of Requests for Production of Documents to NBD, Requests Nos. 14, 16, 20, 21, 23, 24, 34 and 35

> Plaintiff's First Set of Request for Production of Documents to SafeRent, Request Nos. 12, 17, 24, 25, 27, 34, 36 and 49

Plaintiff's First Set of Interrogatories to NBD, Interrogatory Nos. 1, 10 and 13

Plaintiff's Second Set of Request for Production of Documents to NBD, Request Nos. 4, 6, 7, 8, 10, 11, 13, 14, 17, 18 and 19

It is further ORDERED that the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process.

It is so ORDERED.

                                        /s/ REP
                                  Robert E. Payne
                                  Senior United States District Judge

Richmond, Virginia
Date: May 25, 2017